GLOUCESTER MARINE RAILWAYS CORP. *vs.* CHARLES
PARISI, INC., & others.[1]

No. 93-P-234.

Essex. February 11, 1994. - April 26, 1994.

Present: KASS, KAPLAN, & PORADA, JJ.

*Judgment*, Preclusive effect. *Conflict of Interest. Accord and Satisfaction. Insurance*, Marine insurance.

A plaintiff was barred by principles of claim preclusion from attempting to litigate matters that could have been presented and litigated, but were not, in a prior proceeding between the same parties that had concluded, after trial and appeal, with a final judgment on the merits in favor of the other party. [390-392]

CIVIL ACTION commenced in the Superior Court Department on July 12, 1988.

The case was heard by *Guy Volterra*, J.

*Mary P. Harrington* (*Jacob S. Segal* with her) for the plaintiff.

*Robert L. Burke* for Charles Parisi, Inc.

PORADA, J. After the United States Court of Appeals for the First Circuit reversed for lack of jurisdiction a judgment of the United States District Court for the District of Massachusetts, declaring that the plaintiff, Gloucester Marine Railways Corp. (Gloucester), had satisfied in full a State court judgment for $145,000 plus interest and costs against it held by the defendant, Charles Parisi, Inc. (Parisi), Gloucester filed an action in the Superior Court for a declaratory judgment seeking the same determination as in the Federal

---

[1]Trans-Atlantic Marine, Inc., Glacier General Assurance Company, John Joseph Taylor, individually and on behalf of all other underwriters at Lloyd's of London under subscribing policy no. MA/47483 through Eberlie Shorter & Co.

District Court. By agreement of the parties, the action was submitted to a Superior Court judge for decision on the basis of ninety-five exhibits, oral arguments, and written submissions of counsel. The judge determined that Gloucester's claim was barred by claim and issue preclusion and dismissed the action. We affirm based on the doctrine of claim preclusion.

For an understanding of our decision, we recite the complicated and lengthy procedural and factual history gleaned from the trial judge's colorful and comprehensive decision.

In February of 1975, the fishing vessel, St. Anthony, which was owned by Parisi, was being repaired in drydock on the premises of Gloucester when it was damaged by fire. At the time of the fire, Parisi carried a $135,000 hull insurance policy on the vessel issued by Glacier General Assurance Company (Glacier) and obtained through its insurance broker, Trans-Atlantic Marine, Inc. (Trans). Gloucester carried a $100,000 liability policy by insurers identified only as "London and American Companies." That policy also had been obtained through the same insurance broker, Trans. Unbeknownst to Gloucester at the time, two-thirds of its liability policy was written by Glacier and one-third by various underwriters at Lloyd's of London. Consequently, Glacier was both Parisi's hull insurance carrier and Gloucester's liability carrier, setting the stage for this legal imbroglio.

In May, 1975, Parisi brought an action in the Superior Court against Gloucester to recover damage to its vessel, which the complaint alleged had been caused by the negligence of Gloucester's employees. Glacier filed a motion to intervene in that action alleging, among other things, that the hull policy gave it the right to control the litigation initiated by Parisi and that Parisi was failing to cooperate. Glacier did not disclose to the court that it was also Gloucester's liability carrier and that its attorney was defending Gloucester in the action. The motion was allowed. In March, 1976, Parisi and Glacier reached a settlement as to the hull insurance. Under the agreement, Glacier agreed to pay out under its policy $100,000 as follows: $89,003.60 to the United States govern-

ment, which held a lien on the vessel, and the balance to Parisi. In return for the payment, Parisi assigned to Glacier by way of subrogation its claim against Gloucester to the extent of $100,000, retained control of the litigation and title to the damaged vessel, and agreed that Glacier would receive the first $100,000 of any recovery Parisi obtained from Gloucester.

A jury awarded Parisi $145,000 in the tort action. Judgment entered in the Superior Court in the amount of $222,462.24 of which $77,462.24 amounted to interest. Gloucester filed a motion to amend the judgment to reduce it to $45,000 and interest in the sum of $24,039, alleging an accord and satisfaction in the amount of $100,000 between Glacier and Gloucester's liability insurers (Glacier and Lloyd's of London) as a result of the settlement agreement between Parisi and Glacier. The Superior Court judge allowed the motion and reduced the judgment to $45,000 plus interest of $24,039. On appeal to this court by Parisi, we reversed the amended judgment and reinstated the original judgment on the grounds that there was no exact identity between Parisi's hull insurance carrier and the underwriters of Gloucester's liability policy and no assignment of subrogation rights from Glacier to Gloucester. *Charles Parisi, Inc.* v. *Gloucester Marine Rys.*, 16 Mass. App. Ct. 538, 540 (1983).

Gloucester then filed an appeal in the Appeals Court over the applicable interest rate to be applied to the judgment and Parisi's entitlement to the prejudgment interest on the first $100,000 of the judgment. In an unpublished opinion, *Charles Parisi, Inc.* v. *Gloucester Maine Rys.*, 20 Mass. App. Ct. 1103 (1985), we held that the applicable interest rate was eight percent and not twelve percent but refused to consider Gloucester's assertion that Parisi was not entitled to interest on the judgment on the grounds that Gloucester had failed to raise that issue in its postjudgment motion before the Superior Court and had not filed a cross appeal from the amended judgment entered in the Superior Court.

Following the Appeals Court decisions, the president of Trans purportedly acting on behalf of Glacier, executed an

assignment of Glacier's subrogation rights to Gloucester under its settlement agreement of March, 1976, with Parisi. At the time of the execution of that agreement, Trans had no authority to act for Glacier, which was in receivership.

Gloucester then initiated an action in the United States District Court for the District of Massachusetts (No. 86-603-K) seeking the same declaratory and injunctive relief as that presently sought in this action. The Federal judge ruled in favor of Gloucester on these identical claims. Specifically, he determined that the Superior Court and the Appeals Court in the earlier decision did not have before them the issues of Glacier's and its attorney's conflict of interest and Parisi's knowledge of that conflict. He found that Glacier's dual capacity as the hull insurer and one of the underwriters of Gloucester's liability policy precluded Parisi, who had knowledge of Glacier's dual role, from recovering the first $100,000 of the judgment. He also found that to allow Parisi to collect interest on the first $100,000 of the judgment in addition to the benefits from the previous payment of the $100,000 by Glacier under the March, 1976, settlement would be unconscionable and should not be permitted. Since Gloucester had already paid Parisi $45,000 on account of the judgment as well as interest thereon, the United States District Court declared that Gloucester's liability under the judgment had been satisfied.

In reversing, the United States Court of Appeals for the First Circuit determined that the Anti-Injunction Act, 28 U.S.C. § 2283 (1982),[2] rendered the District Court powerless to issue any of the relief requested by Gloucester and instructed the District Court to dismiss the claim without prejudice to Gloucester's reassertion of the claim in the State court. *Gloucester Marine Rys.* v. *Charles Parisi, Inc.*, 848 F. 2d 12 (1st Cir. 1988).

---

[2]The act provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283 (1982).

Gloucester then commenced this action in the Superior Court to prevent Parisi from recovering the following amounts on its execution: $100,000, owed by Parisi to Glacier, which is in receivership, and the interest on $100,000 from February, 1975. Injunctive relief staying the enforcement of the judgment pending resolution of this action was granted in the Superior Court. Contrary to the United States District Court judge's findings, the Superior Court judge concluded that Gloucester's claim was barred by claim and issue preclusion based on the prior proceedings in the Superior and Appeals Court. We agree with the Superior Court judge that claim preclusion is dispositive of Gloucester's claim.[3]

For claim preclusion to bar Gloucester's action, three elements are required: (1) the identity or privity of the parties to the present and prior actions; (2) identity of the cause of action; and (3) prior final judgment on the merits. *Franklin* v. *North Weymouth Coop. Bank*, 283 Mass. 275, 280 (1933). Clearly, the first and third prerequisites are met in this case. The only question is whether there exists an identity of cause of action. Gloucester contends that this action involves an entirely different matter. It argues that the issue it is litigating in the present action is the conflict of interest created when Glacier put itself on both sides of the tort action between Gloucester and Parisi and Parisi's knowledge and concealment of that conflict. When Gloucester moved to amend the judgment, it did not raise the issue of conflict of interest even though in that motion it identified Glacier as the hull insurer and one of the carriers of Gloucester's liability policy. Gloucester chose to rely instead upon the theory that an accord and satisfaction had been reached among the insurers. In the present action Gloucester seeks the same relief it sought in the earlier Superior Court action, namely a determination that its liability under that judgment amounts to no more than $45,000 plus the interest on that portion of the judgment — a determination that we had already made

---

[3]In light of the result reached by us, we express no opinion that the claim is also barred because of issue preclusion.

to the contrary. *Charles Parisi, Inc.* v. *Gloucester Marine Rys.*, 16 Mass. App. Ct. at 540-542.

The flaw in Gloucester's argument is that claim preclusion bars not only relitigation of all matters decided in a prior proceeding but those that could have been litigated as well. *Ratner* v. *Rockwood Sprinkler Co.*, 340 Mass. 773, 775 (1960). This is so even though a party is prepared in a second action to present different evidence or legal theories to support his claim or seeks different remedies. *Heacock* v. *Heacock*, 402 Mass. 21, 23 (1988). We hold that Gloucester cannot now resuscitate a claim that it could have presented differently in the earlier proceedings in the Superior Court and Appeals Court.[4] *Ibid.*

Gloucester contends, however, that it should be allowed to press this claim because Parisi deliberately concealed Glacier's conflict of interest from the court and counsel for Gloucester. We interpret this argument as an assertion that the plaintiff's claim falls within one or more of the exceptions to claim preclusion. See *Boyd* v. *Jamaica Plain Co-op. Bank*, 7 Mass. App. Ct. 153, 165 (1979). Since claim preclusion is grounded upon considerations of fairness and efficient judicial administration, the doctrine is not applied rigidly where such interests would not be served. *Loring* v. *Marshall*, 396 Mass. 166, 175-176 (1985)(O'Connor J., dissenting). The Restatement (Second) of Judgments § 26 (1982) recognizes several limited exceptions to claim preclusion, one of which is the failure of a party to pursue a claim as a result of the other party's fraud, misrepresentation or concealment of material information. Restatement (Second) of Judgments § 26 comment j. Gloucester argues that if Gloucester had the knowledge that Parisi possessed in this case, this matter would have been resolved in the earlier proceeding. That is precisely why we choose not to recognize an exception in this case. There is nothing in the record that demonstrates that Gloucester was prevented by Parisi or anyone else from ac-

---

[4]We note that Gloucester did not appear or file a brief in Parisi's appeal from the amended judgment which reduced Gloucester's liability to $45,000 plus interest on that amount.

quiring this knowledge through discovery in the tort action. As the trial judge noted, while Gloucester may not have been in possession of all the intricacies of the dealings among Glacier, Trans and Parisi, Gloucester was well aware prior to the trial of the tort action that the attorney appearing for Gloucester on behalf of Glacier in its defense of the Parisi claim also represented the hull insurer carrier in its negotiations with Parisi for the settlement of its claim. Moreover, Gloucester was certainly aware that Glacier was both the hull insurance carrier and one of the underwriters of its liability policy at the time it filed its motion to amend the judgment but chose to rely on accord and satisfaction rather than the conflicting interests of Glacier in this case. These interests were made known to the Superior Court and the Appeals Court in the earlier proceedings. Consequently, we see no reason to depart from the traditional principles of claim preclusion in this case. In sum, after eighteen years, two Superior Court actions, three appeals to the Appeals Court, one Federal District Court action and one appeal to the United States Court of Appeals, we determine that this claim finally has lost whatever buoyancy it may have had and cannot be salvaged.

*Judgment affirmed.*