**In re David BRENNAN d/b/a Brennco Builders, Debtor.**

No. 00–42939.

United States Bankruptcy Court, D. Massachusetts.

March 25, 2002.

George R. Desmond, Framingham, MA, for debtor.

Barry M. Altman, Altman & Altman, Wilmington, MA, John J. St. Andre, St. Andre Law Offices, Framingham, MA, for creditor.

Richard King, Worcester, MA, U.S. Trustee.

### MEMORANDUM OF DECISION

HENRY J. BOROFF, Bankruptcy Judge.

Before the Court is the "Objection to the Claim of Ronald Molinari" (the "Objec-

tion"; the "Molinari Claim") filed by the debtor David Brennan d/b/a Brennco Builders (the "Debtor"). The issue before the Court is the preclusive effect, if any, of a prepetition state court default judgment against a debtor in a bankruptcy case.

### I. FACTS AND TRAVEL OF THE CASE

The facts material to this dispute are uncontested.

In November of 1992, Royal Heights Construction Co., Inc. ("Royal Heights") was retained as the general contractor to build a house in Framingham, Massachusetts. Janice DeLoia ("DeLoia") was the construction supervisor on the project. Royal Heights retained the Debtor as a subcontractor to frame the house. The Debtor in turn subcontracted the roofing to Great Northern Construction Company ("Great Northern").

Ronald Molinari ("Molinari") was employed by Great Northern as a roofer. In the course of his employment on the project, Molinari was injured in a fall from a collapsing scaffold. He filed suit in state court against Royal Heights and DeLoia in 1993 and subsequently added the Debtor as a defendant. The Debtor was personally served, but failed to file an answer or otherwise respond and was defaulted. In 1998, a jury trial was conducted with respect to the remaining defendants, Royal Heights and DeLoia.[1] The jury awarded Molinari damages in the amount of $1,065,550, and the state court issued a judgment in favor of Molinari against Royal Heights, DeLoia and the Debtor, jointly and severally, in the amount of $1,065,550, plus interest and costs. Post trial motions for judgments notwithstanding the verdict filed by Royal Heights and DeLoia were to

---

1. As an interesting aside, the Debtor was subpoenaed to appear as a witness in the case against Royal Heights and DeLoia and in fact did appear and testify at the trial.

no avail, and each filed a notice of appeal. Nothing was filed by the Debtor.

During the pendency of the appellate proceedings, Royal Heights and DeLoia jointly settled with Molinari for $560,000 in satisfaction of the judgment against them. The Debtor was not involved in the settlement negotiations and did not enter into any settlement agreement with Molinari. As a result, the judgment against the Debtor remained unsatisfied and no motions were ever made to revisit the judgment or remove the default. Molinari, Royal Heights and DeLoia executed a stipulation of dismissal, vacating the state court judgment only as to Royal Heights and DeLoia. The state court subsequently issued an execution in favor of Molinari against the Debtor in the amount of $1,229,897.86, and, on April 3, 2000, Molinari levied the execution on the Debtor's property.[2]

On May 24, 2000, the Debtor filed a petition in this Court under Chapter 11 of the Bankruptcy Code. Molinari timely filed a claim in the amount of $1,229,897.96 and also objected to the Debtor's discharge and the dischargeability of the Molinari Claim. The Debtor in turn has objected to the Molinari Claim on various grounds, including, without limitation, the merits thereof. The parties have agreed that the Court should first determine whether the state court judgment is entitled to preclusive effect, before turning to the other issues raised by the parties.

## II. *DISCUSSION*

■ It is well settled that "Title 28 U.S.C. § 1738 generally requires federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so."[3] *U.S. v. One Parcel of Real Property*, 900 F.2d 470, 473 (1st Cir.1990) (internal quotations omitted) (quoting *Haring v. Prosise*, 462 U.S. 306, 313, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983)); *In re Leroux*, 216 B.R. 459 (Bankr.D.Mass. 1997); *Friedman v. I.R.S. (In re Friedman)*, 200 B.R. 1, 4 (Bankr.D.Mass.1996). Accordingly, this Court must give effect to the Massachusetts judgment against the Debtor if a Massachusetts court would do the same. *See In re Leroux*, at 467 (Bankr.D.Mass1997) (the bankruptcy court "must give ... New Jersey [default] judgments the same preclusive effect ... that New Jersey would provide," citing to *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985)).

■ Under Massachusetts law, the term "res judicata" is commonly used to refer to two similar, but separate and distinct theories: claim preclusion and issue preclusion. Claim and issue preclusion are the successors to the doctrines formerly known as "merger" or "bar" and "collateral estoppel," respectively. *See Heacock v. Heacock*, 402 Mass. 21, 23, 520 N.E.2d 151, 152 (1988). Both of these doctrines operate to facilitate judicial economy, and to promote confidence in the conclusiveness of judgments. *See Bagley v. Moxley*, 407 Mass. 633, 636, 555 N.E.2d 229, 231 (1990); *Treglia v. MacDonald*, 430 Mass. 237, 240, 717 N.E.2d at 251, 252 (1999).

> [J]udicial proceedings of any court of any ... State ... shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State ...

---

**2.** The parties' "Joint Statement of Facts" recites that the state court execution gave credit for the amount received by Molinari from Royal Heights and DeLoia. However, the Court cannot account for that credit based on the parties' agreed statement of facts.

**3.** 28 U.S.C. § 1738 provides in relevant part:

■ The claim preclusion doctrine "makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation on all matters that were *or should have been* adjudicated in the action." *Heacock,* at 23, 520 N.E.2d at 152–3 (emphasis added); *see also Gloucester Marine Rys. Corp. v. Charles Parisi, Inc.,* 36 Mass.App.Ct. 386, 391, 631 N.E.2d 1021, 1024 (1994), rev. denied, 418 Mass. 1104, 638 N.E.2d 913 (1994). Claim preclusion applies when each party "has had the incentive and opportunity to litigate the matter fully in the first lawsuit." *Heacock* at 23–4, 520 N.E.2d at 153 (quoting *Foster v. Evans,* 384 Mass. 687, 696 n. 10, 429 N.E.2d 995 (1981)). Three elements must be present: "(1) identity or privity of the parties to the present and prior actions; (2) identity of the cause of action; and (3) a prior final judgment on the merits." *Gloucester Marine* at 390, 631 N.E.2d at 1024 (citing *Franklin v. N. Weymouth Coop. Bank,* 283 Mass. 275, 280, 186 N.E. 641 (1933)); *see also, TLT Constr. Corp. v. A. Anthony Tappe & Assocs., Inc.,* 48 Mass.App.Ct. 1, 5, 716 N.E.2d 1044, 1049 (1999).

■ The issue preclusion doctrine prevents "relitigation of an issue determined in an earlier action where the same issue arises in a later action, based on a different claim, between the same parties or their privies." *Heacock v. Heacock,* 402 Mass. 21, 23 n. 2, 520 N.E.2d 151, 152 (1988); *TLT Constr. Corp.,* at 4–5, 716 N.E.2d at 1049. In Massachusetts, a party invoking issue preclusion must demonstrate that (1) a final judgment was rendered on the merits in the prior action; (2) the issue for which preclusive effect is sought was actually litigated and was essential to the judgment in the prior action; (3) the party against whom estoppel is asserted was a party (or in privity with a party) to the prior action; and (4) the issue

in the prior action with respect to which issue preclusion is asserted is the same as the issue in the instant case. *See Heacock,* at 25, 520 N.E.2d at 153 and *TLT Constr. Corp,* at 5, 716 N.E.2d at 1049.

■ The Debtor argues that the default judgment obtained by Molinari in the state court cannot be employed for preclusive purposes against him here. In support of his position, he directs this Court to the case of *Treglia v. MacDonald,* 430 Mass. 237, 717 N.E.2d 249 (1999). That decision was issued by the Massachusetts Supreme Judicial Court in response to a question certified to it by the United States Bankruptcy Appellate Panel for the First Circuit. *Id.* at 237, 717 N.E.2d at 250. In *Treglia,* the plaintiffs in a suit claiming breach of contract and fraud, obtained a default judgment against the debtor/defendant in the Massachusetts Superior Court. When the defendant petitioned for bankruptcy relief, the plaintiffs, now claimants in ensuing dischargeability proceedings, sought to apply the doctrine of issue preclusion to avoid relitigating their allegations of the debtor's fraud. However, the Supreme Judicial Court held that issue preclusion was unavailable because the prior judgment was based on the defendant's default, and as such the fraud issue had not been "actually litigated" in the prior action. *Id.* at 241–2, 717 N.E.2d 249 (citing *Martin v. Ring,* 401 Mass. 59, 514 N.E.2d 663 (1987)) ("preclusive effect should not be given to issues or claims that were not actually litigated in a prior action.").

*Treglia* is clearly distinguishable from the case before this Court. The plaintiffs in *Treglia* were not attempting to use the prior state court judgment to liquidate their claim in the bankruptcy case. Rather, they sought to employ the doctrine of issue preclusion in a dischargeability action in order to avoid relitigating the issue

of the debtor's fraud previously determined by default in a prior civil damage suit. The plaintiffs' argument was rejected in *Treglia* because the applicable doctrine was issue (and not claim) preclusion, requiring them to demonstrate that the fraud issue was actually litigated in the prior action. Due to the fact that the prior judgment issued pursuant to a default, the plaintiffs could not satisfy this requirement. Here, Molinari seeks to preclude relitigation of the entire claim which was reduced to judgment in the Massachusetts Superior Court.[4] Accordingly, the applicable doctrine here is claim preclusion, and not issue preclusion.[5]

Each element of the Massachusetts doctrine of claim preclusion must be analyzed with reference to the facts of this case to determine whether claim preclusion is appropriate here. Neither the element of "party identity" nor "claim identity" merits much discussion. The parties involved in the original state court action are the same individuals appearing before this Court in the Debtor's bankruptcy case. The Debtor in this case is the named defendant in the state court proceeding and the claimant here is the plaintiff, Molinari, in that proceeding. Further, according to the amended complaint filed in the state court, Molinari sought to recover damages for injuries suffered as a result of his fall caused by the collapse of the scaffold on which was standing. The proof of claim filed in this Court references the same injuries sustained during the same fall from the same scaffold.

■ The last element necessary to establish claim preclusion is the existence of a "prior final judgment on the merits." This issue implicates the finality of a judgment rendered on default. While this element requires slightly more attention, it is no more of an obstacle than the other elements of claim preclusion. The Supreme Judicial Court has unequivocally held that even a default judgment is entitled to finality. *See MacEachern v. S.S. White Dental Mfg. Co.*, 304 Mass. 419, 23 N.E.2d 1020 (1939) (stating that when a defendant to an action has a full and fair opportunity to defend its position in a court having jurisdiction, and sufficient notice has been provided, the defendant should not be permitted to raise defenses in a subsequent proceeding that could have, or should have, been raised in the first instance); *see also Riehle v. Margolies*, 279 U.S. 218, 225, 49 S.Ct. 310, 313, 73 L.Ed. 669 (1929) ("[a] judgment of a court having jurisdiction of the parties and of the subject-matter operates as res judicata, in the absence of fraud or collusion, even if obtained upon a default."); *SMA Life Assurance Co. v. Sanchez–Pica*, 960 F.2d 274, 275 (1st Cir.1992), cert. denied, 506 U.S. 872, 113 S.Ct. 207, 121 L.Ed.2d 147 (1992); *Carteret Sav. & Loan Assn. v. Jackson*, 812 F.2d 36, 38 (1st Cir.1987); *Koziol v. H.P. Hood, Inc. (In re Koziol)*, 18 B.R. 1014, 1017 n. 2 (1982) (stating that "[a] default judgment is nevertheless a final judgment, since the defaulted party has lost the right to appear or defend." (citations omitted)). Adopting a view that a default judgment is anything other than final would undermine the utility of such a

---

4. As noted above, the dischargeability issues have been deferred for later determination.

5. In the Debtor's "Reply Memorandum To Creditor Molinari's Response To Debtor's Objection To Claim" the Debtor seemingly concedes that the issue before the Court implicates claim preclusion and not issue pre-

clusion. The Debtor suggests that because the Supreme Judicial Court declined to extend the doctrine of issue preclusion to default judgments, it is reasonable to infer that the doctrine of claim preclusion should not apply to default judgments. This Court disagrees with the Debtor's inference.

judgment and reward those who chose to ignore judicial proceedings. *See Carteret Sav. & Loan* at 38 (stating that if a default judgment were not considered final it "would be of uncertain value, and represent simply one step toward resolving the dispute between the parties … the judgment creditor would remain faced with a prospect of [future] litigat[ion]").

The Debtor, with full knowledge of the state court proceeding, allowed a default to enter against him despite his participation as a witness in the case. The Debtor has not attempted to challenge the personal or subject matter jurisdiction of the Massachusetts Superior Court, nor has he alleged fraud in the procurement of the default judgment. Rather, in an effort to collaterally attack that judgment, the Debtor has raised defenses that would have been, and should have been, properly submitted in the state court action. *See Carteret Sav. & Loan* at 39 (stating that "[t]he customary court in which to attack a judgment is the one that rendered it"). This Court must treat the default judgment entered in the state court as final.

## III. *CONCLUSION*

For all of the foregoing reasons, the Court finds that each element of claim preclusion has been met, and the Debtor is barred from collaterally attacking the validity of the state court judgment on which Ronald Molinari bases his proof of claim. Accordingly, the Debtor's objection to that claim is OVERRULED.

A separate order in conformity with this Memorandum of Decision shall enter herewith.