Quinlan, Regina L., J.
On November 4, 2005, the plaintiffs, John Gainey, Marie Gainey, Shelby and John Camden Gainey (the “Gainey children”),[3] Ashley Summers and Kirra Summers (the “Gainey stepchild”)[4] filed a Complaint against the defendants, James Norton, Sean Cowing, Arbella Protection Insurance Company, Inc., Wayne Levasseur, Regan Yerhot, and Tom Quinn. On January 18, 2006, this court (Connon, J.) issued an order staying the present action pending the conclusion of plaintiffs John and Marie Gainey’s action in District Court against the same defendants, except defendant Quinn. On February 3, 2006, the District Court entered final judgment on the matter in favor of the defendants. The matter is now before this court on separate Motions to Dismiss by defendants Norton, Quinn, Yerhot, Cowing, Levasseur, and Arbella Insurance.
For the reasons discussed below, the defendants’ Motions to Dismiss are ALLOWED as to all claims by John and Marie Gainey on their own behalf and DENIED as to all claims by Ashley Summers and John and Marie Gainey on behalf of their children and step-children.

*4
BACKGROUND

The procedural history of the present action is as follows.
On May 20, 2003, in Orleans District Court, Norton filed a one-count Complaint against John and Marie Gainey for breach of contract and failure to pay for services. On July 17, 2003, the Gaineys filed an Amended Answer, which included a counterclaim against Norton for negligence and the failure to properly remove mold.[5] The Gaineys also filed a Third-Party Complaint against: (1) Arbella Insurance, Levasseur, and Yerhot alleging violations of chapter 93A and negligent misrepresentation; and, (2) Cowing for negligence and defective workmanship. On April 22, 2005, the Orleans District Court allowed Yerhot, Arbella Insurance, and Levasseur’s Motions for Summary Judgment on all counts.
In July 2005, the Gaineys moved to amend. They sought to add claims for their children’s bodily injury and add Quinn as a cross defendant.[6] The Motion to Amend as well as a subsequent Motion for Reconsideration were denied.
On November 4, 2005, the plaintiffs filed the present action in this court. The Complaint essentially mimicked the District Court claims, alleging: (1) negligence by Cowing (Count I), Yerhot (Count VII), Levasseur (Count XI), and Arbella Insurance (Count XII); (2) violation of chapter 142Aby Cowing (Count II) and Norton (Count IV); (3) defective workmanship by Norton (Count III); (4) joint venture by Norton, Yerhot, and Quinn (Counts V, VIII, and X); and, (5) violation of chapter 93A by Norton (Count VI), Yerhot (Count IX), and Arbella Insurance (Count XIII). On January 18, 2006, this court (Connon, J.) stayed the present action pending the resolution of the matter in the District Court. Now, however, the plaintiffs include John and Marie Gainey, Ashley and Kirra Summers, and John Camden and Shelby Gainey.
A jury trial commenced in the Orleans District Court on January 30, 2006. Following a five-day trial, the jury found for Norton on the breach of contract claim and the Gaineys’ counterclaims and for Cowing on the third-parly claim. On February 3, 2006, the Orleans District Court entered final judgment for Norton and Cowing based on the jury verdict and a separate final judgment to Arbella Insurance, Levasseur and Yerhot based on the prior favorable summary judgment decisions.

DISCUSSION

The defendants argue that the present action is barred by res judicata. Massachusetts courts separate res judicata into two separate doctrines: claim preclusion and issue preclusion. Bagley v. Moxley, 407 Mass. 633, 636 (1990). The defendants argue that the claims by John and Marie Gainey are barred by claim preclusion, while the claims by the Gainey’s minor children and step-child as well as those of Ashley Summers are barred by issue preclusion.

I. The Motions to Dismiss John and Mane Gainey’s Claims

“The doctrine of claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were or should have been adjudicated in the action.” Heacock v. Heacock, 402 Mass. 21, 23 (1988). Three elements are necessary for the application of claim preclusion: “(1) identity or privily of the parties to the present and prior actions; (2) identity of the cause of action; and (3) prior final judgments on the merits.” Kobrin v. Bd. of Registration in Med., 444 Mass. 837, 843 (2005); TLT Construction Corp. v. A. Anthony Tappe & Assoc., 48 Mass.App.Ct. 1, 4 (1999). “A claim is the same for [claim preclusion] purposes if it is derived from the same transaction or series of connected transactions.” TLT Construction Corp., 48 Mass.App.Ct. at 8. As such, all legal theories supporting the claim must be presented at that time. Bagley, 407 Mass. at 638.
In the present case, the claims brought by John and Marie Gainey on their own behalf are barred by the doctrine of claim preclusion. First, the parties in the District Court action and the present action are either the same or in privity with the defendants.[7] Second, John and Marie Gainey have asserted the same factual basis for the same causes of action in this action as they did in District Court. Allowing the claims by John and Marie Gainey to survive this motion would be tantamount to allowing the re-litigation of the entire District Court proceeding. Third, John and Marie Gainey have already had a full and fair opportunity to present their claims to the District Court and received a final judgment.[8] That the Gaineys were unsuccessful in the District Court action is inconsequential to the present motions. Moreover, even though they did not pursue further judicial review, this opportunity was available.
The plaintiffs have essentially conceded that John and Marie Gainey’s own claims against all defendants are barred by the doctrine of claim preclusion. Therefore, all claims by John and Marie Gainey on their own behalf are dismissed.

II. The Motions to Dismiss the Claims of the Minor Children and Ashley Summers

The defendants assert that the claims of the Gainey children and step-child as well as the claims by Ashley Summers are barred by the doctrines of claim preclusion or issue preclusion. After considering the relevant case law, this court finds that the claims are not barred.
A. Issue Preclusion
Issue preclusion “prevents relitigation of an issue determined in an earlier action where the sane issue arises in a later action, based on a different claim, *5 between the same parties or their privies.” Petrillo v. Zoning Bd. of Appeals of Cohasset, 65 Mass.App.Ct. 453, 456-57 (2006), quoting Heacock, 402 Mass. at 23. A party may assert a defense of issue preclusion when: (1) an issue of fact or law is actually litigated and determined by a valid and final judgment; (2) the determination is essential to the judgment; and, (3) the determination is conclusive in a subsequent action between the parties (or their privies), whether on the same or a different claim. Jarosz, 436 Mass. at 530-31; Martin v. Ring, 401 Mass. 59, 61 (1987), quoting Fireside Motors, Inc., v. Nissan Motor Corp. in USA., 395 Mass. 366, 372 (1985); Petrillo, 65 Mass.App.Ct. at 457. An issue is actually litigated when it is subject to an adversarial proceeding and the court reaches a judgment that is not the product of the parties’ consent. Jarosz, 436 Mass. at 531. The determination is essential to the judgment when it has a bearing on the final outcome of the merits of the proceeding. Id. at 532-33. Lastly, the determination is final when the parties receive an opportunity to be fully heard, the judge’s decision is supported by a reasoned opinion, and the opinion is subject to review. Id. at 533-34.
Issue preclusion does not bar the claims of the Gainey children, Shelby and John Camden, and stepchild Kirra Summers, or those of Ashley Summers. The procedural histoiy of the District Court proceeding indicates that the Gainey children and step-children were not parties to the litigation.[9] Thus, the Gainey children and step-children received no opportunity to litigate their claims, let alone a full and fair hearing on the merits.[10] Moreover, according to the Complaint, the Gainey children and step-children suffered separate and distinct injuries as a result of the mold infestation of the Gainey house. Given this court’s discretion in determining this matter, the defendant’s motions to dismiss the claims of the Gainey children and step-children are denied. See Bar Counsel v. Bd. of Bar Overseers, 420 Mass. 6, 11 (1995) (presiding judge has wide discretion); Commonwealth v. Two Parcels of Land, 48 Mass.App.Ct. 693, 698 (2000) (recognizing fairness as the “decisive consideration” in determining preclusion). The defendant’s reliance on Mancuso v. Kinchla is inapposite because the children and step-children lacked a full and fair opportunity to litigate their claims. 60 Mass.App.Ct. 558, 565 (2004).
B. Claim Preclusion
Similarly, the claims of the Gainey children and step-children are not barred by the doctrine of claim preclusion. Under the doctrine of claim preclusion, a party’s claims may only be barred if they were privy to the prior action, the identity of the cause of action in the present and prior action is the same, and there was a final judgment on the merits in the prior action. Gloucester Marine Rys. Corp. v. Charles Parisi, Inc., 36 Mass.App.Ct. 386, 390 (1994). As discussed above, the claims of the Gainey children and step-children were not adequately represented in the District Court action. Cf. Massachusetts Property Ins. Underwriting Ass’n. v. Norrington, 395 Mass. 751, 754 (1985). Moreover, the defendants have not shown the presence of a sufficient legal identity between the Gaineys and their children and step-children that necessitated the filing of the children and step-children’s claims in the Gaineys’ counterclaims.[11] Therefore, principles of fairness require this court to reject the application of claim preclusion. Gloucester Marine Rys. Corp., 36 Mass.App.Ct. at 390.

ORDER

For the reasons stated herein, the defendants’ Motions to Dismiss are ALLOWED as to all claims by John and Marie Gainey on their own behalf and DENIED as to all claims by Ashley Summers and John and Marie Gainey on behalf of their children and step-children.

Shelby and John Camden Gainey are minors. This action is brought on their behalf by Marie and John Gainey.

Kirra Summers is also a minor. This action is brought on her behalf by Marie Gainey as her mother and next friend.

he claims in the District Court action and the present action, viewed in the light most favorable to the plaintiffs, arose from work performed on the Gaineys’ house and garage by Cowing and his agents in November 2002. During the course of the work, the garage suffered water damage, which resulted in mold in the garage.
In order to remedy the problem, Cowing contacted Arbella Insurance, his insurance provider. Arbella Insurance then hired Levasseur as a claims adjuster for the Gaineys’ property. Levasseur engaged Yerhot to determine whether mold was present and, if necessary, to develop a remediation plan. After examination, Yerhot concluded that mold was present and that remediation was necessary. Yerhot recommended two companies for the work: Rothschild Restoration and Disaster Specialists. Yerhot allegedly was a member of a joint venture with Norton and Quinn in Rothschild. Yerhot subsequently arranged for Rothschild to work at the Gaineys’ house.
The Gaineys subsequently learned that Rothschild’s employees were untrained in mold removal and that Norton was not registered with the Commonwealth as a home contractor or for mold removal. At the time of the work, the Gaineys frequently complained to Norton, Levasseur and Arbella Insurance about problems with Rothschild’s employees. Following the alleged completion of the work, Norton, Levasseur and Arbella Insurance all represented that the mold was removed.
The plaintiffs, however, now allege that the Rothschild failed to remove the mold, that its employee’s practices caused mold contamination of the main house unit, and that they have suffered illnesses as a result of the mold contamination.

The Gaineys’ claim alleged that Quinn was part of a joint venture with Norton and Yerhot.

Quinn is the only new defendant. However, as the plaintiffs allege he was a member of the joint venture, he is in privity with the other defendants.

To this extent, on February 3, 2006, the District Court entered final judgment for the defendants on all claims by John and Marie Gainey. The entry of final judgment was premised on summary judgment decisions and ajuiy verdict. See Jarosz v. Palmer, 436 Mass. 526, 532 (2002) (explaining a summary judgment decision is sufficient to establish final judgment on the merits).

Although the Gaineys did attempt to add claims by Shelby and John Camden to the District Court action, the presiding judge denied the Motion to Amend the Complaint. This in no way constitutes a final judgment on the merits on the claims of the Gainey children. See Integrated Technologies Ltd. v. Biochem Immunosystems, Inc., 2 F.Sup.2d 97, 105 (D.Mass. 1998) (the denial of a motion to amend does not necessarily constitute final adjudication on the merits). Furthermore, as it is unclear from the record that the Gaineys, as representatives, also attempted to add claims on behalf of Kirra Summers, the defendants cannot demonstrate that Kirra Summers, or her representatives on her claims, had a full and fair opportunity to litigate. There is no indication in the record that Ashley Summers was a party in the District Court.

The mere fact that the Gainey’s litigated claims in the District Court that are similar to those of that they now bring as representatives on behalf of their children and step-children is not outcome determinative. See Rudow v. Fogel, 376 Mass. 587, 589 (1978) (parent-child relationship alone is insufficient to form the basis for issue preclusion; independent finding of legal identity is necessary). Ashley Summers and the Gainey children and stepchild each had separate, distinct, and independent claims against the present defendants for personal injury. Detore v. Demers Bros, Inc., 312 Mass. 531, 532-33 (1942). Rule 13 only requires a defendant-in-counterclaim to bring all actions which he, the pleader, has against the plaintiffs. It in no way requires that the pleader also bring claims of others, for whom he happens to be the representative, even if those events arise out of the same transaction or occurrence. Mass.R.Civ.P. 13 (providing in pertinent part “A pleading shall state as a counterclaim any claim for relief the court has power to give which at the time of serving the pleading the pleader has against any opposing party . . .”) (emphasis added)).

As discussed above, there is no reason that the Gainey children and step-children’s claims must be subsumed in the adult Gaineys’ compulsory counterclaims under Mass.R.Civ.R 13. The Gainey children and step-children have separate and distinct claims and they were not parties to the original District Court action.