Lemire, James R., J.
This case concerns various disputes between a landlord (the defendants or Thomases) and their tenant (the plaintiff or Erickson), who were engaged in litigation concerning the same tenancy in 2003 and 2004.[1] The plaintiff alleges numerous statutory and common-law violations. The matter is now before the Court on defendants’ Motion for Summary Judgment. For the following reasons, this Court concludes the defendants’ motion must be ALLOWED.
*296 BACKGROUND
Plaintiff filed this action against the defendants on February 21, 2007 for violation of G.L.c. 15IB, §4, negligent infliction of emotional distress, intentional infliction of emotional distress, conversion and violation of G.L.c. 93A. Specifically, plaintiff alleges that, this is an equity action seeking damages and relief pursuant to the Massachusetts Anti-Discrimination Laws, G.L.c. 15 IB, §4 and the Fair Housing Act. The Court heard oral argument on August 3, 2007.
The following facts are either undisputed or this Court finds to be true for purposes of this motion. In early December 2003, Erickson and the Thomases were negotiating the rental of a small private two-story cottage on the Thomases’ property located in New Braintree, Massachusetts. The rental included use of the cottage as well as a barn on the property. At the time, Erickson was qualified under HUD, Section 8 housing and was re-approved for an amount to cover her rent on the New Braintree cottage. Prior to a lease being executed between the parties, the Thomases sent Erickson a notice to vacate on December 26, 2003. Erickson filed suit in the Worcester Housing Court on December 29, 2003 seeking relief from “unlawful threats and constructive eviction.” On December 30, 2003 Marian Thomas filed an action in the Worcester Superior Court seeking a temporary restraining order against Erickson.[2] On January 5, 2004, Erickson filed an answer to Marian Thomas’s complaint in Superior Court which included sixteen counterclaims. The counterclaims included constructive eviction, conversion, violations of chapter 93A, violations of chapter 15 IB housing discrimination, breach of quiet enjoyment, breach of warranty of habitability, negligent infliction of emotional distress, intentional infliction of emotional distress, breach of contract, conversion, and property damage.
The parties entered into an agreement dated February 27, 2004 that dismissed and waived all claims, counterclaims and causes of action between the parties.[3] The defendants now move for summary judgment on all counts of plaintiffs complaint. The defendants argue that the parties’ agreement of February 27, 2004 provided for the dismissal and waiver of all claims, counterclaims and causes of actions arising out of the tenancy with Erickson and having agreed to dismiss all of these claims in return for payment,[4] Erickson is barred to relitigate the same claims in the present complaint.
DISCUSSION
Summary judgment is appropriate when the summary judgment record shows that “there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Mass.R.Civ.P. 56(c); DuPont v. Comm’r of Corr., 448 Mass. 389, 397 (2007). A fact is “material” if it would affect the outcome of the suit. Carey v. New England Organ Bank, 446 Mass. 270, 278 (2006); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is “genuine” where a reasonable finder of fact could return a verdict for the non-moving party. Fiesner v. Technical Commc’ns Corp., 410 Mass. 805, 809 (1991), citing Anderson, 477 U.S. at 252. The moving party bears the initial burden of demonstrating the absence of a triable issue and that the summary judgment record entitles it to judgment as a matter of law. Ng Bros. Constr., Inc. v. Cranney, 436 Mass. 638, 644 (2002), citing Pederson v. Time, Inc., 404 Mass. 14, 17 (1989); Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991). The moving party may satisfy its burden by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the non-moving party has no reasonable expectation of proving an essential element of his case at trial. Flesner, 410 Mass. at 809; Kourouvacilis, 410 Mass. at 716 (adopting reasoning contained in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), that “the burden on the moving party may be discharged by ‘showing’ . . . that there is an absence of evidence to support the nonmoving party’s case”). In reviewing a motion for summary judgment, the court views the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in his favor. Jupin v. Kask, 447 Mass. 141, 143 (2006), citing Coveney v. President & Trs. of the Coll. of the Holy Cross, 388 Mass. 16, 17 (1983); see Simplex Techs., Inc. v. Liberty Mut. Ins. Co., 429 Mass. 196, 197 (1999). If the moving party has carried its burden, and the non-moving party has not responded with specific facts to establish a genuine, triable issue, the court grants the motion for summary judgment. Cmty. Nat’l Bank v. Dawes, 369 Mass. 550, 554 (1976); see Ng Bros., 436 Mass. at 644 (stating that, even where the facts are disputed, “summary judgment is still available if the party with the burden of proof at trial . . . fails to present in the summary judgment record, taking everything it says as true and drawing all reasonable inferences in its favor, sufficient facts to warrant a finding in its favor”), citing White v. Univ. of Mass. at Boston, 410 Mass. 553, 557 (1991).
Claim Preclusion — Res Judicata
The plaintiffs Complaint as well as her memorandum filed in connection with these motions allege an assortment of facts and legal theories. All of the claims stem directly from her tenancy relationship with the defendants and the conditions existing at that time. This Court concludes that these claims could and should have been litigated in the prior litigations and cannot be relitigated here and are therefore barred by the doctrine of claim preclusion.
The doctrine of claim preclusion (or res judicata) makes a final judgment in a prior action conclusive on a party and its privies, and prevents relitigation of all matters that were or could have been adjudicated in the action. Blanchette v. School Comm’n of Westwood, 427 Mass. 176, 179 n.3, (1998). There are three *297 essential elements to the doctrine of claim preclusion: “(1) the identity or privity of the parties to the present and prior actions: (2) the identity of the cause of action; and (3) a prior final judgment on the merits.” TLT Constr. Corp. v. A. Anthony Tappe and Assocs., Inc., 48 Mass.App.Ct. 1, 4 (1999), quoting Gloucester Marine Rys. Corp. v. Charles Parisi, Inc., 36 Mass.App.Ct. 386, 390 (1994). Clearly, the parties in the instant action are identical to those in the prior cases.
The second question then is whether the claims in the two actions are the same. I conclude that they are. “A claim is the same for [claim preclusion] purposes if it is derived from the same transaction or series of connected transactions.” Saint Louis v. Baystate Medical Center, Inc., 30 Mass.App.Ct. 393, 399 (1991). The guiding principle here is that Erickson is precluded from litigating not only those claims that were actually decided in the prior actions, but also those that could have been brought in those actions. See Charlette v. Charlette Bros. Foundry, Inc., 59 Mass.App.Ct. 34, 44 (2003) (“claim preclusion will apply even though a party is prepared in a second action to present different evidence or legal theories to support his claim or seeks different remedies”).
The third requirement that must be satisfied for claim preclusion to apply is that there must be a prior final judgment on the merits. Gloucester Marine Rys. Corp. v. Charles Parisi, Inc., 36 Mass.App.Ct. 386, 390 (1994). However, a final judgment need not be a final judgment in the traditional sense. Tausevich v. Board of Appeals of Stoughton, 402 Mass. 146, 148 (1988). Erickson asserts that the settlement agreement between her and the Thomases does not constitute a full and final adjudication of her prior suit on the merits sufficient to bar the current suit against the defendants. That assertion runs afoul, however, of the principle that entering into an agreement whereby all pending matters were dismissed with prejudice, results in “an adjudication on the merits as fully and completely as if the order had been entered after trial.” Tuite and Sons, Inc. v. Shawmut Bank, N.A., 43 Mass.App.Ct. 751, 754 (1997). See also, Bagley v. Moxley, 407 Mass. 633 (1990); Dept. of Revenue v. LaFratta, 408 Mass. 688 (1990); Boyd v. Jamaica Plain Co-Operative Bank Plain Coop. Bank, 7 Mass.App.Ct. 153 (1979). The prior action in Superior Court was dismissed with prejudice.[5] The dismissals with prejudice prevent Erickson from litigating those claims later in the 2007 complaint.
CONCLUSION
In light of the earlier stipulation of dismissal with prejudice, as evidenced by the agreement between the parties and the docket entries of the prior matters, this Court finds that the plaintiffs current claims against the Thomases are barred.
ORDER
Accordingly, it is hereby ORDERED that Defendant’s motion for summary judgment is ALLOWED.

Actions were filed in 2003 and 2004 in Housing Court, Small Claims Court, Superior Court and M.C.A.D.

Worcester Superior Court civil docket number 03-2507.

An exhibit attached to the agreement sets forth the specific actions to be dismissed or waived by the parties. The list contained the following 8 fomms: Housing Court, Small Claims Court, Superior Court, Appeals Court, State Building Code Appeals Board, M.C.A.D., and New Braintree Board of Health.

The defendants paid the plaintiff $6,500 under the agreement.

Prior Superior Court action 03-2507 docket entries reflect that a Stipulation of Dismissal requesting dismissal with prejudice of all claims, defenses, counter-claims and/or cross-claims was entered on March 2, 2004.