Fremont-Smith, Thayer, J.
The plaintiff Macy’s Retail Holdings, Inc. (“Macy’s”) has brought suit against the defendants, General Growth Properties-GGP Limited Partnership (“GGP”) and the Natick Mall, LLC (the “Mall”), seeking to enjoin defendants’ proposed expansion of the Mall[3] and damages for defendants’ alleged breach of contract relating thereto.
Defendants have counter-claimed. Macy’s asserts that the defendants’ counterclaims arise out of Macy’s protected petitioning activity in having filed this action, and have filed a special motion to dismiss under G.L.c. 231, §59H, the “Anti-Slapp Statute.”

FACTS

A special motion to dismiss under the Anti-SLAPP statute requires the Court to “consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.” G.L.c. 231, §59H.
Plaintiffs’ complaint seeks to enjoin the defendants from further development of commercial and residential space at the Natick Mall, an approximately 54-acre area located at the intersection of Route 9 and Speen Street, and alleges that defendants are in breach of a 1993 contract between their predecessors in interest and in breach of a subsequent lease agreement, pursuant to which defendants agreed not to proceed with any further development at the Mall without plaintiffs’ consent.
While it is not disputed that defendants’ predecessors in interest did enter into such agreements, it is likewise not disputed that plaintiffs subsequently entered into an “assurance” agreement with the Attorneys General of Massachusetts and other states who were investigating the potential anti-competitive impact of Macy’s proposed merger with Federated. In order to obviate such anticompetitive concerns, plaintiffs agreed in 2005, with respect to the Natick Mall, to “waive, dismiss or release any current rights to oppose the Natick Mall expansion project.” In addition, when plaintiffs were subsequently advised of the details of defendants’ proposed expansion, they indicated orally to defendants that they would have no objection, and defendants then proceeded to incur substantial costs in regard thereto.
Moreover, when the plaintiffs thereafter appealed the Natick Zoning Board’s approval of the defendants’ proposed expansion of the Mall by filing an action with the Land Court, the Chief of the Massachusetts Attorney General’s Consumer Protection and Antitrust Division notified plaintiffs in writing that it considered plaintiffs’ attempt to thwart the defendants’ development of the Mall by way of plaintiffs’ Land Court action, to be a violation of the “assurance” agreement’s undertaking to “waive, dismiss and release any rights to oppose the Natick Mall expansion project.” As a result, plaintiffs entered into a November 11, 2005, Letter Agreement, which states: “Federated hereby waives (and shall cause each of its relevant affiliates to waive) all claims that have been or that could have been asserted in such [Land Court] action and releases (and shall cause each of its relevant affiliates to release) General Growth and its relevant affiliates from all liabilities in connection therewith.” ¶2. As a consequence, plaintiffs then, on November 22,2005, agreed to a dismissal of their Land Court lawsuit with prejudice. See Stipulation of Dismissal, Macy’s East, Inc. v. Julian Munnich et al., Misc. No. 301080 (Mass. Land Court, Middlesex County).
A portion of plaintiffs’ claims in the Land Court action are the same claims as are made in their present action, and are therefor “waived” and “released” under the claim preclusion doctrine. Under the doctrine of res judicata, “for claim preclusion to bar [a plaintiffs] action, three elements are required: (1) the identity or privity of the parties to the present and prior actions; (2) identity of the cause of action; and (3) prior final judgment on the merits.” Gloucester Marine Railways Corp. v. Charles Parisi, Inc., 36 Mass.App.Ct. 386,390 (1994) (holding that the plaintiff failed to revive a claim that it could have previously presented in a prior action). Here, the parties are the same in the present action as in the Land Court action.[4] Second, in both matters the cause of action is the same.[5] Claim preclusion does not require an identical cause of action. Mass. Sch. of Law at Andover v. American Bar Assoc., 142 F.3d 26, 38 (1st Cir. 1998). “The relevant test simply asks whether the same parties pursued a remedy that arose from the same ‘transaction’ in an earlier proceeding that ended with a final judgment.” United States v. Cunan, 156 F.3d 110, 116 (1st Cir. *104 1998). The present action, in part, arises out of the same transaction or occurrence as the prior action. In the Land Court, plaintiffs sought declaratoiy and injunctive relief against the defendants, for breach of covenants and property rights under the COREA,[6] whereas, in the present action, the plaintiffs likewise seek injunctive relief for alleged violations of Macy’s rights “under the COREA, the Letter Agreement, and the First Amendment.” Plaintiffs Verified Complaint ¶75.[7] Finally, a stipulation of dismissal with prejudice is the equivalent of a final judgment on the merits for the purposes of claim preclusion. Jarosz v. Palmer, 436 Mass. 526, 536 (2002) (“Because claim preclusion involves the same claims and the same parties, it is necessary that a stipulation of dismissal be accorded the same effects as a final judgment; it would have no force if the parties were permitted to change their minds and relitigate the exact same claims against the same parties”). Therefore, as plaintiffs have waived their claims that the COREA has been breached by GGP’s expansion, they are hereby precluded from these claim in the present suit.[8]
In these circumstances, the Court views plaintiffs’ latest attempt to thwart defendants’ mall expansion by means of the present action, to be, in the words of G.L.c. 231, §59H, “devoid of any reasonable factual support or arguable basis in law,”[9] and, indeed, to be in violation of the spirit, if not the letter of Macy’s “assurance” agreement with the Attorney General that they would not oppose defendants’ future expansion of the mall. As such; plaintiffs’ action can be viewed as being in violation of public policy.
Nor can it be said, even as an initial or “threshold” matter, that defendants’ counterclaims have “no substantial basis other than or in addition to the plaintiffs petitioning activities.” Duracraft Corp. v. Holmes Products Corp., 427 Mass. 156, 167-68 (1998). Here, the counterclaims allege that plaintiffs unfairly and deceptively agreed, orally and in writing, that they would not oppose defendants’ mall expansion, and then breached those assurances and agreements prior to and independently of their lawsuit, by sending defendants a letter dated June 18, 2007 and other correspondence indicating that plaintiffs considered defendants, by undertaking the expansion, to be in default of their contractual obligations.[10] These acts preceded their lawsuit and were not petitioning activity as defined in the statute.[11] Plaintiffs are also alleged to have conspired with another store (Lord & Taylor) to oppose the mall expansion by means not limited to the filing of this lawsuit. (See detailed chronology of events set forth in defendants’ opposition.)
A party’s claims will not be based solely on petitioning activity if there is a substantial basis for the claims beyond the petitioning activities. Garabedian v. Westland, 59 Mass.App.Ct. 427, 432 (2003) (suit was not solely based on petitioning activity where, in addition to petitioning activity the defendants also harassed a contractor and improperly videotaped construction in order to prevent plaintiff from constructing an airplane runway). GGP’s counterclaims detail multiple agreements that it claims were breached, as well as a civil conspiracy between Macy’s and Lord & Taylor, that serve as a basis of its counterclaims.
As noted above, none of these activities fall within the statutory definition of petitioning activity. See Pheasant Ridge Assocs. Ltd. Partnership v. Burlington, 399 Mass. 771, 781 (1987) (holding that statements “to the effect that [the selectmen] would take any action necessary to stop the development” was activity beyond the protected petitioning act); Bell v. Mazza, 394 Mass. 176, 179 (1985) (suit was based on more than mere petitioning activity when the defendants made threats to “do ‘anything,’ at ‘any costs,’, to prevent the [plaintiffs’] construction of a tennis court”); Ayasli v. Armstrong, 56 Mass.App.Ct. 740, 748 (2002) (holding that more than petitioning activity prompted the suit where the defendants had made statements of their intent to do anything to stop work on the plaintiffs’ house, erected a sign to thwart visitors, and kept threatening dogs at the boundary of the plaintiffs’ property).
Macy’s has not made a sufficient showing to invoke the protections of the Anti-SLAPP statute. It has failed to show that GGP’s counterclaims against it are based solely on its petitioning activity, namely its filing suit in the Superior Court. Plaintiffs’ breach of their prior agreements, waivers and assurances, their threatening correspondence calculated to halt the mall expansion and their alleged conspiracy with another store to thwart the expansion, provide a substantial basis, independent of plaintiffs’ petitioning activity, for defendants’ counterclaims.
While plaintiffs also suggest that defendants’ counterclaims resulted from plaintiffs’ filing of this action, and are thus “based on” plaintiffs’ petitioning activity, it is well settled that a plaintiff cannot immunize itself from liability for illegal conduct just by bringing a lawsuit and then asserting that a defendant’s counterclaim is “based thereon.” See Duracraft, supra at 168, n.20, where the Court said:
We should also clarify that “based on” does not mean “in response to: although claims and related pleadings filed in court may be classified as petitioning activities, plaintiffs are not thereby immunized from counterclaims filed in response to the claim.”
Were it otherwise, of course, no counterclaim could ever be filed in response to any action.
With respect to defendants’ Rule 12(b)(6) motion, the Court concludes that the counterclaims, on their face, state claims for which relief can be granted.

ORDER

Accordingly, for the above reasons and the additional reasons stated by defendants at oral argument *105 and in their oppositions to plaintiffs’ motions, plaintiffs’ special motion to dismiss and plaintiffs’ motion to dismiss under' Rule 12(b)(6) are each DENIED.

 Plaintiffs’ motion for a temporary restraining order and a preliminary injunction was denied.

 The Land Court action plaintiffs include Macy’s East, Inc., an affiliate of the current plaintiff Macy’s Retail. The May Department Store Co., Inc. intervened as an additional plaintiff in the Land Court action, and is a plaintiff in the present matter. The defendants in both matters included General Growth properhes-Natick Limited Partnership, and GGP-Na-tickWest, LLC.

 Additional claims exist in both actions. For instance, in the Land Court action, plaintiffs also allege that GGP breached article 20.02 of the Lord & Taylor Lease; the provision that there shall be no changes to the configuration of the Natick Mall shopping center unless the landlord shall first obtain the tenant’s consent.

 They alleged the following specific portions of the COREA had been breached: Article XII, §5.2(b), §6.6, §4.4, §4.11, §25.16.

 They specifically allege the following portions of the COREA have been breached: §4.11, §25, §8, §12.

 Plaintiffs have not waived their claims under the First Amendment or the Letter Agreement as these claims were not a portion of the previous cause of action. Charlette v. Charlette Bros. Foundry, Inc., 59 Mass.App.Ct. 34, 46 (2003) (holding that the president’s previous action for receivership could not establish the corporation’s debt to him and thus the later cause of action was not barred by claim preclusion). The Letter Agreement permitted GGP to develop certain areas of the mall, and the First Amendment to the COREA modified the COREA to permit additional development in certain areas of the mall.

 “In order to assert protection for its petitioning activities, the special movant [Macy’s] must make a threshold showing through the pleadings and affidavits that the claims against it are based on the petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities.” Vittands v. Sudduth, 49 Mass.App.Ct. 401, 414 (2000). “Once the special movant so demonstrates, the burden shifts to the nonmoving party to show that (1) the moving party’s exercise of its right to petition was so devoid of any reasonable factual support or any arguable basis in law and (2) the moving party’s acts caused actual injury to the responding party.” Id., citing Duracraft Corp. v. Holmes Products Corp., 427 Mass. 156, 167-68 (1998).

 For instance, the June 18, 2007 Default letter from the plaintiff to GGP states: “We have determined that the . . . Developer has failed to comply with other applicable provisions of the COREA . . . thus, Developer is in breach of the COREA.”

 Anti-SLAPP petitioning activity is “the right [to] petition ... in which a party seeks some redress from the government”; Kobrin v. Gastfield, 443 Mass. 327, 333 (2005); G.L.c. 231, §59H; and is defined by the statute as: “Any written or oral statement made before or submitted to a legislative, executive, or judicial body, or any other government proceeding; any written or oral statement made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other government proceeding; any statement reasonably likely to encourage consideration or review of an issue by a legislative, executive, or judicial body, or any other government proceeding; any statement reasonably likely to enlist public participation in an effort to effect such consideration; or any other statement falling within constitutional protection of the right to petition the government.” G.L.c. 231, §59H.