RYAN vs. GARDNER FRANCO-AMERICAN FEDERAL CREDIT UNION, MISC 20-000502

































 
 Philip M. Ryan and Pamela J. Ryan, Plaintiffs, v. Gardner Franco-American Federal Credit Union, et al, Defendants
 MISC 20-000502 
 JULY 19, 2021
WORCESTER, ss.
SMITH, J.
DECISION ON DEFENDANTS' MOTIONS TO DISMISS














 This action has its origin with the foreclosure of a residential mortgage on April 8, 2016 by the defendant, Gardner-Franco American Federal Credit Union (hereafter "GFA"), against the real property owned by the plaintiffs, Philip Ryan and Pamela Ryan (hereafter "the Ryans"), located at 45 Barre Road, Phillipston, Massachusetts (the "Property"). The Ryans brought this action - their second against GFA since the 2016 foreclosure auction - seeking a declaratory judgment that GFA did not have legal authority to conduct the foreclosure proceedings because it did not "own the mortgage and note" and, therefore, the foreclosure is "null and void." They also ask the court to declare the original mortgage to be discharged. GFA and co-defendant, Craig S. Twohey ("Twohey"), have moved to dismiss the Ryans' Amended Verified Complaint on the grounds that the claims are barred by the doctrine of res judicata as the claims raised in this action were previously litigated to final judgment in the prior action. 





 Having reviewed the pleadings in the prior action brought by the Ryans against GFA, the final judgment entered by that court, and the decision of the Massachusetts Appeals Court affirming the trial court's final judgment, I find that the Ryans' claims in this action are barred by the doctrine of res judicata and should be dismissed with prejudice. 





Background 





 In their Amended Verified Complaint, the Ryans recite a history of problems which they encountered after they purchased the Property, most of which are not relevant to my decision on the defendants' Motion to Dismiss. The relevant facts set forth in the pleadings are as follows: 





 1. The Ryans purchased the Property on May 30, 2003. Amended Verified Complaint, ¶10. In order to help finance the purchase, the Ryans obtained a loan from GFA in the amount of $139,900.00 that was secured by a mortgage recorded in the Worcester County Registry of Deeds in Book 30226, Page 359. 





 2. In October 2015, GFA commenced foreclosure proceedings against the Property. Amended Verified Complaint, ¶15. A foreclosure auction was held on April 8, 2016 at which Twohey was the high bidder. Amended Verified Complaint, ¶17. [Note 1] On the same day, in an apparent attempt to stop or undermine the foreclosure sale, the Ryans recorded a document at the Worcester County Registry of Deeds entitled "Affidavit of Cancellation of Mortgage Debt." 





 3. On April 26, 2017, the Ryans brought an action in the Worcester Superior Court, Docket No. 1785CV00682, against GFA seeking money damages for alleged unfair and deceptive acts and/or practices under G.L. c.93A and for fraud (the "Superior Court Action"). A copy of the Ryans' complaint in the Superior Court Action is attached to Twohey's Motion to Dismiss as Exhibit F. Both claims arose from GFA's alleged conduct in foreclosing on the mortgage and conducting the auction on April 8, 2016. Indeed, in paragraph 26 of their complaint, the Ryans alleged that GFA violated Chapter 93A because it pursued a "foreclosure of a knowingly defective financing agreement, having already sold the note and mortgage." See Exhibit F, ¶26. 





 4. In response, GFA filed a multi-count counterclaim which included in count I an action to quiet title to the Property under G.L. c.240, §6 as a result of the foreclosure sale that the Ryans claimed was defective. A copy of GFA's counterclaim in the Superior Court Action is attached to Twohey's Motion to Dismiss as Exhibit G. 





 5. GFA moved for summary judgment on Ryans' claims on statute of limitations grounds, and for judgment on its claim in the counterclaim to quiet title to the Property. By a decision and judgment dated August 22, 2018, the superior court dismissed the Ryans' claims. See Exhibits B and C, respectively, to Twohey's Motion to Dismiss. Concerning count I of GFA's counterclaim, the court entered judgment as follows: 





 "3. Defendant/Plaintiff in counterclaim GFA Federal Credit Union had, as of April of 2016, and currently have, the right and power to foreclose on the May 30, 2003 first mortgage executed by Plaintiffs/Defendants in Counterclaim Philip M. Ryan and Pamela J. Ryan." 





Twohey's Motion to Dismiss, Exhibit C. 





 6. The Ryans appealed the judgment to the Appeals Court. After briefing and oral argument, on January 17, 2020, the Appeals Court affirmed the entry of judgment against the Ryans' claims and in favor of GFA's quiet title claim in a memorandum and order issued under Rule 1:28. A copy of the memorandum and order is attached to Twohey's Reply Memorandum as Exhibit I. The memorandum and order noted in footnote 8 that the Ryans had appealed the superior court's entry of judgment in favor of GFA's claim to quiet title to the Property. Specifically, the Appeals Court wrote:





 "While the Ryans' updated notice of appeal indicates that the Ryans are appealing from both the judgment on GFA's quiet title counterclaim and the judgment dismissing their complaint, the Ryans do not appear to raise any argument in their briefs pertaining to the former. We therefore need not address the judgment on GFA's quiet title counterclaim." 





As such, absent an argument from the Ryans that the trial court erred in granting judgment on GFA's quiet title claim, the Appeals Court affirmed the trial court's judgment that GFA had the right to foreclose on the Property. 





 7. The Ryans sought further appellate review by the Supreme Judicial Court which was denied in April 2020. 





 8. On November 12, 2020, the Ryans brought this action which alleges that the April 8, 2016 foreclosure auction was fatally flawed because GFA did not own the Ryans' note and mortgage and, therefore, did not have "any legal right or interest in the promissory note and mortgage" at the time it conducted the foreclosure proceedings. Amended Verified Complaint, ¶¶ 1, 15-17. The Ryans also allege that the mortgage is and always was invalid because the title to the Property they received in 2003 was unmarketable. Amended Verified Complaint, ¶¶18- 19. Based on these allegations, the Ryans ask this court to declare the April 2016 foreclosure null and void, to declare GFA's mortgage discharged, and to forever bar GFA from attempting to enforce the mortgage. 





Discussion 





 Both defendants have moved under Rule 12(b)(6) for dismissal of the Ryans' Amended Verified Complaint on the grounds that it is barred by the doctrine of res judicata. The parties have referred to matters outside the four corners of the Amended Verified Complaint for my consideration in ruling on the motions. However, the matters to which they refer are public records of which I may take judicial notice, particularly the records of other court proceedings. Schaer v. Brandeis Univ., 432 Mass. 474 , 477 (2000); Reliance Ins. Co. v. Boston, 71 Mass. App. Ct. 550 , 555 (2008). As such, I review the defendants' motions to dismiss in accordance with Rule 12(b)(6). 





 A motion to dismiss under Rule 12(b)(6) should be allowed when the plaintiff has failed to state a claim upon which relief may be granted. In considering such a motion, the court must accept as true the plaintiff's well-pleaded factual allegations, including all reasonable inferences from those allegations, but should not accept legal conclusions cast in the form of factual allegations. Schaer, 432 Mass. at 477. In the present action, the factual basis for the Ryans' claims is the allegation that GFA did not own their note and mortgage at the time it conducted the foreclosure auction in April 2016. The sole question before the court is whether this fact and the claims arising from it are sufficiently similar to the claims made by the Ryans in the Superior Court Action to justify the dismissal of this action under the doctrine of res judicata. 





 Res judicata is a generic term that encompasses the doctrines of claim preclusion and issue preclusion, both of which, where applicable, provide that a judgment in one action has a binding effect in a subsequent action. Heacock v. Heacock, 402 Mass. 21 , 23 (1988); Santos v. U.S. Bank Nat. Ass'n, 89 Mass. App. Ct. 687 , 692 (2016). This matter involves claim preclusion. 





 The doctrine of claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were or should have been adjudicated in that action. Heacock, 402 Mass. at 23; Santos, 89 Mass.App.Ct. at 692. The three necessary elements for the invocation of claim preclusion are: "(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits." Baby Furniture Warehouse Store, Inc. v. Meubles D & F Ltée, 75 Mass. App. Ct. 27 , 33 (2009), quoting Kobrin v. Board of Registration in Med., 444 Mass. 837 , 843 (2005); see also Bagley v. Moxley, 407 Mass. 633 , 636-637 (1990). The doctrine applies even if the claimant in the second action is prepared to present different evidence or legal theories to support his claim or seeks different remedies. Mackintosh v. Chambers, 285 Mass. 594 , 596-597 (1934). "The statement of a different form of liability is not a different cause of action, provided it grows out of the same transaction, act, agreement, and seeks redress for the same wrong." TLT Constr. Corp. v. A. Anthony Tappe & Assocs., 48 Mass. App. Ct. 1 , 8 (1999) (holding that contractor's tort claims against architect in subsequent court action were barred by arbitration decision involving the same parties because the claims arose out of the same set of operative facts); see also Mancuso v. Kinchla, 60 Mass. App. Ct. 558 , 571 (2004) (the subsequent action "need not be a clone of the earlier cause of action" for claim preclusion to be applicable). 





 This doctrine is a consequence of policy considerations that underlie the rule against splitting a cause of action, and is "based on the idea that the party to be precluded has had the incentive and opportunity to litigate the matter fully in the first lawsuit." Foster v. Evans, 384 Mass. 687 , 696 (1981). "Considerations of fairness and the requirements of efficient judicial administration dictate that an opposing party in a particular action as well as the court is entitled to be free from continuing attempts to re-litigate the same claim." Wright Mach. Corp. v. Seaman-Andwall Corp, 364 Mass. 683 , 688 (1974). 





 In this case, there is no question that GFA and Twohey have established all three elements of claim preclusion. [Note 2] The first element is satisfied because the Ryans and GFA are parties to both actions and, with respect to Twohey, he has privity with GFA as the high bidder at the April 2016 auction. Likewise, the third element is satisfied because the Superior Court Action ended with a final judgment on the merits in favor of GFA on its quiet title claim. The Ryans appealed that ruling but did not present any argument in the Appeals Court on why the superior court erred. The Appeals Court upheld the trial court's judgment and it became final. 





 It is the second element of claim preclusion that the Ryans dispute. They deny that GFA's right to foreclose was ever litigated in the Superior Court Action. Rather, they argue that the Superior Court Action only addressed their claims for money damages against GFA. They assert that the critical distinction between these actions that allows this action to survive is that their claims here require that I determine whether they received marketable title to the Property back in 2003 and, if not, I can declare the mortgage null and void and the foreclosure unlawful. The judgment entered in the Superior Court Action and the Appeals Court decision affirming that judgment tell a different story. 





 As I review the Ryans' arguments, it is important to note that claim preclusion applies to prevent the re-litigation of a claim in a second action even if the party "is prepared to present different evidence or legal theories to support his claim or seeks different remedies." Charlette v. Charlette Bros. Foundry, Inc., 59 Mass. App. Ct. 34 , 44 (2003). This is particularly true where the claims in both actions derive from the "same transaction or series of connected transactions." Saint Louis v. Baystate Med. Center, Inc., 30 Mass. App. Ct. 393 , 399 (1991). 





 There can be no question that the Ryans' claims in this case arise from the same event that gave rise to the Superior Court Action; namely, the foreclosure sale of April 2016. In this case, the Ryans request a declaration that GFA did not have "any legal right or interest in the promissory note and mortgage" at the time it initiated the foreclosure proceeding because GFA had previously transferred the note and mortgage to the Federal Home Loan Mortgage Corporation. Amended Verified Complaint, ¶¶15-16. [Note 3] The Ryans' claims in the Superior Court Action centered on the same allegation; that GFA transferred its right, title and interest to the note and mortgage to the Federal Home Loan Mortgage Corporation prior to the foreclosure sale and, therefore, had no right to commence the foreclosure proceedings or conduct the auction April 2016. Exhibit F, ¶13. The only difference between the two actions is that, in this case, the Ryans seek a declaratory judgment that the GFA lacked the authority to foreclose on the mortgage while, in the Superior Court Action, the Ryans sought money damages against GFA based on the allegation that it unfairly and fraudulently foreclosed on the Property without legal authority. While a claim for money damages is distinct from a claim for a declaratory judgment, it is a distinction without a difference for purposes of the doctrine of claim preclusion. 





 The Ryans could have raised and, perhaps, should have raised their declaratory judgment claim to invalidate the April 2016 foreclosure sale in the Superior Court Action. Regardless, they lost nothing by failing to do so because GFA raised the issue by counterclaim which resulted in the entry of a final judgment against the Ryans. Whether they realized it at the time or not, the Ryans actually litigated the issue of whether GFA had the legal authority to foreclose on their Property and, after losing on that claim, unsuccessfully appealed the judgment to the Appeals Court. That final judgment established GFA's superior title to the Property and disposed of the Ryans' claims, however framed, that GFA lacked the legal authority to foreclose, which would include the claim that their receipt of a defective title to the Property in 2003 precluded GFA's action to foreclose on the Property. The Ryans are barred from re-litigating the same claim or issue in this court even if they assert a different legal theory or proffer different evidence. The doctrine of claim preclusion bars their claims in this case and must be dismissed. 





Conclusion 





 For the foregoing reasons, the Defendants' Motions to Dismiss are ALLOWED. Judgment shall enter in favor of the Defendants, Gardner Franco-American Federal Credit Union and Craig S. Twohey, and the Ryans' Amended Verified Complaint shall be dismissed with prejudice. 





FOOTNOTES
[Note 1] The Ryans' Verified Complaint mistakenly recites March 18, 2016 as the date of the foreclosure sale. It took place on April 8, 2016 based on the record before the court. 

[Note 2] To the extent that one might argue that this legal question is more properly characterized as one of issue preclusion, the analysis is essentially the same. A party is precluded from re-litigating an issue where (1) there was a final judgment on the merits in prior adjudication, (2) the party against whom preclusion is asserted was a party or in privity with a party to the prior adjudication, and (3) the issue in the prior adjudication was identical to the issue in the current adjudication. Petrillo v. Zoning Bd. of Appeals of Cohasset, 65 Mass. App. Ct. 453 , 457-458 (2006). 

[Note 3] The Ryans also argue that the mortgage was "void" from the beginning because they received a "void" title at the time they purchased the Property. They have not identified a legal theory that supports this claim, nor is the court aware of a legal theory that would empower it to grant the relief requested. Regardless, the theory arises out of the April 2016 foreclosure auction, the facts and circumstances of which were litigated to conclusion in the Superior Court Action. 


 
 Home/Search 
 Land Cases by Docket Number
 Land Cases by Date 
 Land Cases by Name
 


 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.