NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1236

JACQUES E. MITRI

vs.

CHRISTINA C. FERGUSON MARGE & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Jacques Mitri, filed this action challenging the validity of a 2011 mortgage foreclosure on his former home in Holliston (property).  He now appeals from a judgment issued by a judge of the Land Court dismissing his complaint against the defendants with prejudice pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), and the denial of his motion

---

[1] Michael C. Marge; Edward C. Griffin; Jennifer Hugueley; Golden Gates Properties, LLC; Nationstar Mortgage LLC; Aurora Bank FSB; Aurora Loan Services, LLC; Homecoming Financial Network, Inc.; and Presidential Mortgage Corporation.

to void the judgement pursuant to Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974).  We affirm.[2]

Background.[3]  In 2005, the plaintiff secured the property through mortgage financing.  In 2011, Aurora Loan Services, LLC (Aurora), the holder of the mortgage on the property at the time, foreclosed on the property after the plaintiff failed to provide adequate income verification.  Aurora sold the property to Nationstar Mortgage LLC (Nationstar) in 2012; Nationstar sold the property to Golden Gates Properties, LLC (Golden Gates) in 2019; Golden Gates sold the property to Edward Griffin and Jennifer Hugueley in 2020; and Hugueley sold the property to Christina C. Ferguson Marge and Michael C. Marge (together, the Marges) in 2020.  The Marges are the current owners of the property.

The plaintiff, who appears pro se, has extensively litigated the foreclosure of the property.  In November 2015, he filed a complaint against Aurora, Nationstar, and others, alleging improper foreclosure.  The defendants removed the case to the United States District Court for the District of

---

[2] Our review is impeded by the plaintiff's brief and record appendices, which lack clarity and are difficult to understand.

[3] Because the appeal depends, in part, on issues raised and decided in prior litigation, we reference the facts in those matters to the extent they are relevant.

Massachusetts and filed a motion for summary judgment. A United States District Court judge allowed the defendants' motion for summary judgment and entered judgment in favor of Nationstar on its claim for possession of the property.[4] The plaintiff appealed, but the United States Court of Appeals for the First Circuit ruled that he lacked standing and dismissed the appeal.[5]

In 2020, the plaintiff brought an action against the Marges seeking, inter alia, a preliminary injunction to enjoin the Marges from evicting him from the property. A Housing Court judge denied that request and the plaintiff appealed. A panel of this court affirmed in an unpublished decision pursuant to our Rule 23.0. See Mitri v. Marge, 102 Mass. App. Ct. 1120 (2023). In that decision, the panel noted that "this is the plaintiff's fifth lawsuit challenging the validity of the 2011 foreclosure sale of [the] property." Id. The panel further concluded that the plaintiff had "no likelihood of succeeding on the merits of any claim that relies on the foreclosure being unlawful." Id.

The plaintiff filed the present case in 2023. The complaint restated the facts of the foreclosure and alleged four

_____

[4] See Mitri vs. Aurora Loan Servs., LLC, U.S. Dist. Ct., No. 15-cv-14178-DJC (D. Mass. Feb 16, 2018).

[5] See Mitri vs. Aurora Loan Servs., LLC, U.S. Ct. App., No. 18-1236 (1st Cir. Oct. 1, 2018).

counts against Aurora:  unfair and deceptive practices in violation of G. L. c. 93A, fraud, breach of contract, and negligence.  The Marges, Hugueley, Nationstar, and Golden Gates all filed motions to dismiss, asserting the claims were barred by the doctrine of res judicata.  In addition, the Marges, Hugueley, and Golden Gates sought dismissal because the plaintiff had not asserted any claims against them.  A Land Court judge allowed the motions and dismissed the complaint with prejudice as to all defendants.[6]

In March 2024, the plaintiff filed a motion pursuant to Mass. R. Civ. P. 60 (b), seeking to void the judgment based on fraud on the court.  The judge held a hearing and subsequently denied the motion.

The plaintiff appeals from both the judgment of dismissal and the order denying his motion for relief from the judgment.

Discussion.  "We review the allowance of a motion to dismiss de novo, accepting as true all well-pleaded facts alleged in the complaint."  Osborne-Trussell v. Children's Hosp. Corp., 488 Mass. 248, 253 (2021), quoting Ryan v. Mary Ann Morse

---

[6] While certain defendants did not file a motion to dismiss, the judge noted these defendants did not respond to the complaint, either because they were not served or were no longer in existence.  Moreover, the judge concluded that the claims against these defendants were likewise barred by the doctrine of res judicata.

Healthcare Corp., 483 Mass. 612, 614 (2019). "We draw all reasonable inferences in the plaintiff's favor, and determine whether the allegations plausibly suggest that the plaintiff is entitled to relief on that legal claim" (quotations and citation omitted). Id. We review the denial of the plaintiff's rule 60(b) motion for abuse of discretion. See Saade v. Wilmington Trust, Nat'l Ass'n, 494 Mass. 1013, 1014 (2024).

1. Motion to dismiss. Res judicata is a term that includes both claim preclusion and issue preclusion. See Santos v. U.S. Bank Nat'l Ass'n, 89 Mass. App. Ct. 687, 692 (2016). The doctrine of claim preclusion bars further litigation on matters that were or should have been adjudicated in an action that has a valid, final judgment. See Duross v. Scudder Bay Capital, LLC, 96 Mass. App. Ct. 833, 836 (2020).

"The elements of claim preclusion are: (1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits" (quotation and citation omitted). Saade, 494 Mass. at 1015.

"[I]ssue preclusion 'prevents relitigation of an issue determined in an earlier action where the same issue arises in a later action, based on a different claim, between the same parties or their privies.'" Petrillo v. Zoning Bd. Of Appeals of Cohasset, 65 Mass. App. Ct. 453, 457 (2006), quoting Heacock

5

v. Heacock, 402 Mass. 21, 23 n.2 (1988). "Before precluding the party from relitigating an issue, a court must determine that (1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom preclusion is asserted was a party (or in privity with a party) to the prior adjudication; and (3) the issue in the prior adjudication was identical to the issue in the current adjudication" (quotation and citation omitted). Petrillo, supra. "Additionally, the issue decided in the prior adjudication must have been essential to the earlier judgment[, and i]ssue preclusion can be used only to prevent relitigation of issues actually litigated in the prior action" (citation omitted). Id.

As the Land Court judge correctly found, all of Mitri's claims stem from his assertion that Aurora's 2011 foreclosure on the property was unlawful. That claim was fully litigated and decided in the Federal District Court case. The judge there ruled that the foreclosure was legal and awarded possession of the property to Nationstar. The doctrine of issue preclusion bars the plaintiff's current claims. See Petrillo, 65 Mass. App. Ct. at 457.

Similarly, the doctrine of claim preclusion bars the plaintiff's claims where the plaintiff again challenges the legality of the foreclosure, there was a final judgment on the merits of that claim in Federal District Court and defendants

6

were parties to or in privity with parties to that claim. See Duross, 96 Mass. App. Ct. at 836.

The plaintiff cannot avoid the doctrine of res judicata by now introducing new evidence, presenting new legal theories, or seeking different remedies. See Heacock, 402 Mass. at 23. The judge did not err in allowing the motion to dismiss on this basis.

The judge also found the plaintiff's complaint must be dismissed against defendants Nationstar, Golden Gates, the Marges, and Hugueley because it failed to allege any wrongdoing by them. "A motion to dismiss will be allowed only where it is certain that the plaintiff is not entitled to relief under any combination of facts that could be drawn, or reasonably inferred, from the allegations contained in the complaint." Eigerman v. Putnam Invs., Inc., 450 Mass. 281, 286 (2007). As the judge aptly noted, "[e]ven the most generous view of the facts alleged by [the plaintiff] cannot make out a cause of action against Nationstar, Golden Gates, the Marges or Hugueley." The motion judge did not err in allowing the motion to dismiss on these additional grounds.

2. Motion pursuant to rule 60 (b). In his motion for relief from judgment pursuant to Mass. R. Civ. P. 60 (b), the plaintiff alleged that the defendants' counsel had filed their appearances before the defendants were served and that

7

defendants' counsel did not provide the plaintiff with a copy of the engagement agreements. "A party seeking to demonstrate fraud on the court must prove the most egregious conduct involving a corruption of the judicial process itself" (quotation and citation omitted). Paternity of Cheryl, 434 Mass. 23, 36 (2001).

The judge, after a hearing, denied the motion, finding that, even if the plaintiff's allegations were true, they would not constitute fraud on the court for the purposes of declaring the judgment void. Likewise, we perceive no basis, at least on this record, for inferring that a lawyer's mere act of entering an appearance as counsel for a party prior to actual service of process is either "egregious conduct involving a corruption of the judicial process" or was intended to "interfere with the judicial system's ability" to impartially adjudicate the matter (citations omitted). Paternity of Cheryl, 434 Mass. at 35-36. Furthermore, the plaintiff has not provided any authority for his claim that he was entitled to copies of the defendants' engagement agreements with their lawyers. To the contrary, these would normally be protected by the attorney-client privilege. In any event, the judge reasonably concluded that the plaintiff did not demonstrate the "extraordinary circumstances" that warrant relief under rule 60 (b), and

therefore the judge did not abuse his discretion in denying the motion.  See Saade, 494 Mass. at 1014.

2.  Defendants' motion for attorney's fees.  The Marges and Hugueley seek attorney's fees on the grounds that the plaintiff's appeal of the judgment dismissing the complaint against them is frivolous.  We agree.

We note that the Federal District Court resolved the legality of the foreclosure here in 2018, and that Hugueley did not buy the property until two years later, in 2020.  Hugueley sold the property to the Marges later in 2020.

The complaint does not plausibly allege that Hugueley and the Marges were involved in the 2011 foreclosure; all of the claims are based on the foreclosure (the legality of which was resolved in 2018) and do not allege wrongdoing by Hugueley or the Marges; and the plaintiff's appellate brief does not show, or even argue, that the judge erred by dismissing the claims against Hugueley and the Marges on this basis.  For these reasons, the plaintiff's appeal of the dismissal of his claims against these defendants is frivolous.

Hugueley and the Marges may file a verified and itemized application for such fees and costs within fourteen days of the date of this decision, and Mitri will have fourteen days

9

thereafter in which to file any opposition to the amounts requested.  See Fabre v. Walton, 441 Mass. 9, 10-11 (2004).

Judgment affirmed.

Order denying motion for
    relief from judgment
    affirmed.

By the Court (Neyman, Shin &
    Wood, JJ.[7]),

*Paul Little*

Clerk

Entered:  April 16, 2025.

---

[7] The panelists are listed in order of seniority.