NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-273

GARY W. CRUICKSHANK, trustee,[1]

vs.

MARIO LOZANO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from a summary process judgment entered against him in the Housing Court.  This dispute arises out of a Federal bankruptcy proceeding, which the defendant initiated.  With the approval of the bankruptcy judge, the defendant contracted to convey a property he owned to a third party (purchaser) "free and clear of all tenants and occupants."  But instead of delivering the property, the defendant moved into the property and thwarted the sale.  The purchaser obtained a judgment (conveyance judgment) from the bankruptcy judge ordering the bankruptcy trustee to convey the property to the purchaser "free and clear of all liens, claims and

---

[1] In bankruptcy of Mario Rene Lozano.

encumbrances."  In furtherance of the conveyance judgment, the trustee initiated the summary process action that is the subject of this appeal to obtain possession of the property.  Citing the res judicata effect of the conveyance judgment, a Housing Court judge issued judgment of possession to the trustee.  The defendant appealed.  We affirm.

Background.  On April 12, 2018, the defendant filed a petition for bankruptcy protection in the United States Bankruptcy Court for the District of Massachusetts.  At the time, the defendant owned a property at 52-54 Bicknell Street, Dorchester (property).  Eventually, the defendant sought and received approval of the bankruptcy judge to sell the property. In December of 2018, the defendant accepted an offer from the purchaser and they entered into a purchase and sale agreement (agreement), which provided that the property was to be delivered free and clear of tenants and occupants.  In February of 2019, the bankruptcy judge ordered the sale of the property and directed the defendant to close the transaction within thirty days.

Shortly thereafter, the defendant and several of his family members moved into the property.  The Housing Court judge "infer[red]" that this course of action was intended "to thwart the sale contemplated under the agreement."

2

On August 1, 2019, the bankruptcy judge appointed plaintiff Gary W. Cruickshank to serve as trustee over the defendant's bankruptcy estate. At that point, the trustee "had full ownership of the property."

In response to the defendant's moving into the property, the purchaser initiated an adversary proceeding in bankruptcy court seeking specific performance of the agreement. After a trial in which both the defendant and the trustee participated, the bankruptcy judge issued the conveyance judgment, ordering the trustee to convey the property to the purchaser "free and clear of all liens, claims and encumbrances." The conveyance judgment provided that the trustee was "authorized to perform all obligations of the seller under the Agreement."[2] The defendant appealed that judgment to the United States Court of Appeals for the First Circuit. On September 24, 2024, the First Circuit affirmed the conveyance judgment. Lozano v. Sanchez, U.S. Ct. App., No. 23-1611 (1st Cir. September 24, 2024).

Meanwhile, the trustee initiated this summary process action in the Housing Court seeking possession of the property so that he could convey it free and clear of all tenants and

_____

[2] The bankruptcy judge entered the original conveyance judgment on December 29, 2022. She then issued an amended conveyance judgment on February 27, 2023, clarifying that "the Trustee is authorized to exercise any rights of the seller under the Agreement."

occupants, as required under the agreement and the conveyance judgment.  The Housing Court judge granted the trustee possession.  The defendant appealed.

Discussion.  On review of a judgment in a jury-waived proceeding, we accept the judge's findings of fact unless clearly erroneous and review the rulings of law de novo.  South Boston Elderly Residences, Inc. v. Moynahan, 91 Mass. App. Ct. 455, 462 (2017).  Discretionary decisions are reviewed for an abuse of discretion, which will only be found if "the judge made a clear error of judgment in weighing the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives" (quotation and citation omitted).  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

Because the bankruptcy judge appointed the trustee to administer the defendant's bankruptcy estate, the trustee had standing to bring the summary process action against the defendant to effectuate the Federal judgment.  See Rare Coin Galleries of Am., Inc., 862 F.2d 896, 901 (1st Cir. 1988) (when trustee is appointed, trustee "steps into the shoes of the debtor for the purposes of asserting or maintaining the debtor's causes of action[ ]"); Augustin v. Danvers Bank, 486 F.Supp.2d 99, 103 (D. Mass. 2007), quoting 11 U.S.C. § 541 (a) (1) ("Upon filing for bankruptcy protection, 'all legal or equitable interests of the debtor in property as of the commencement of

4

the case' become property of the bankruptcy estate").

Specifically, the trustee had standing to initiate proceedings to evict the defendant and his family so that the trustee could convey the property to the purchaser "free and clear of all tenants and occupants" pursuant to the agreement and the conveyance judgment.

As the Housing Court judge observed, "[a]ny right which the [defendant] had to occupy the [property] was terminated by the Bankruptcy Court [judge] when [she] ordered specific performance of the sale of the [property] to [the purchaser] pursuant to [the agreement]." Accordingly, the trustee established a prima facie case for possession.

The defendant first challenges the conveyance judgment, claiming that it was invalid because he did not breach the agreement.[3] The Housing Court judge concluded that she was bound by the conveyance judgment pursuant to the full faith and credit clause of the United States Constitution and the doctrine of res judicata. The defendant claims, without citation to authority, that that the Housing Court "misapplied" the doctrine of res judicata and deprived him of his Fourteenth Amendment right to due process. The argument is meritless.

---

[3] The defendant has not included in the appellate record a full transcript of the bankruptcy court trial proceedings addressing the purchaser's demand for specific performance of the agreement.

Res judicata is a term that includes both claim preclusion and issue preclusion.  Santos v. U.S. Bank Nat'l Ass'n, 89 Mass. App. Ct. 687, 692 (2016).  "[I]ssue preclusion 'prevents relitigation of an issue determined in an earlier action where the same issue arises in a later action, based on a different claim, between the same parties or their privies.'"  Petrillo v. Zoning Bd. of Appeals of Cohasset, 65 Mass. App. Ct. 453, 457 (2006), quoting Heacock v. Heacock, 402 Mass. 21, 23 (1988).

> "Before precluding the party from relitigating an issue, a court must determine that (1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom preclusion is asserted was a party (or in privity with a party) to the prior adjudication; and (3) the issue in the prior adjudication was identical to the issue in the current adjudication" (quotation and citation omitted).

Petrillo, supra at 457.  "Additionally, the issue decided in the prior adjudication must have been essential to the earlier judgment [and, i]ssue preclusion can be used only to prevent relitigation of issues actually litigated in the prior action." (citation omitted).  Id. at 458.  Applying those factors here, we conclude that the defendant was precluded from relitigating in Housing Court the issue determined in the conveyance judgment.

First, notwithstanding the defendant's argument that the conveyance judgment was not final because he had appealed it, on September 24, 2024, the First Circuit affirmed the conveyance judgment, ruling that "[the defendant] fail[ed] to develop any

6

argument that might lead this court to conclude that the bankruptcy court erred or abused its discretion while rendering the challenged rulings." Lozano, U.S. Ct. App., No. 23-1611.

Second, the parties in the underlying action here are the same for purposes of issue preclusion. The doctrine does not require that the parties on each side be identical. See Mancuso v. Kinchla, 60 Mass. App. Ct. 558, 565 (2004) (rejecting argument that issue preclusion did not apply because defendant not party to Federal action where complainant had "full and fair opportunity to litigate all of their grievances arising out of the same transaction at issue in both cases"). Privity exists where the "relationship between two parties . . . is sufficiently close so as to bind them both to an initial determination." National Labor Relations Bd. v. Donna-Lee Sportswear Co., 836 F.2d 31, 35 (1st Cir. 1987). In the bankruptcy proceeding, the purchaser brought a claim against the defendant for breach of the agreement, and the bankruptcy court judge determined that the defendant breached the agreement and ordered the trustee to convey the property to the purchaser. So far as the record reveals, the defendant had a "full and fair opportunity" to litigate the enforceability of the agreement in the bankruptcy proceeding and is bound by the conveyance judgment.

Third, the issue here is identical to the issue in the conveyance judgment:  whether the defendant breached the agreement to sell the property to the purchaser.

Fourth, the validity of the agreement was essential to its enforcement and thus the conveyance judgment.

The Housing Court judge correctly concluded that she was bound to recognize the conveyance judgment because the bankruptcy court possessed personal jurisdiction over the parties and jurisdiction over the property.  The bankruptcy court had jurisdiction over (a) the defendant because the defendant filed the bankruptcy action, (b) the trustee because the bankruptcy judge appointed him to administer the defendant's bankruptcy estate, including the property, and (c) the property because it was part of the defendant's bankruptcy estate. Accordingly, the Housing Court judge determined, correctly, that she was required to accord conclusive effect to the decisions of the bankruptcy court, including the conveyance judgment.[4]

Addressing the defendant's due process claim more broadly, the Housing Court judge held a trial at which the defendant had a full opportunity to cross-examine the trustee and present his case.  Contrary to the defendant's claim on appeal that the

---

[4] Because issue preclusion applies here, we do not address the Housing Court judge's alternative reliance on the full faith and credit clause of the United States Constitution.

Housing Court judge "ignored his evidence," the judge "provide[d] [this] self-represented party with a meaningful opportunity to present [his] case by guiding the proceedings in a neutral but engaged way" (citation omitted). Wilbur v. Tunnell, 98 Mass. App. Ct. 19, 25 n.10 (2020).

As the Housing Court judge aptly noted, "the problem with the [defendant's] position is that he -- himself -- is the one who proposed the sale of the [property], looked for buyers, accepted the offer of [the purchaser], negotiated [the agreement], and asked the Bankruptcy Court to approve the sale as set forth under the [a]greement."[5]

Judgment affirmed.

By the Court (Hand, Grant & Wood, JJ.[6]),

Clerk

Entered: May 29, 2025.

---

[5] The trustee's request for attorney's fees is denied.

[6] The panelists are listed in order of seniority.

9