NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1099

N.G. LORING, INC., & another[1]

vs.

MARY ANNE ANDREY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Mary Anne and Gaston Andrey[2] took title to three parcels of land in Millis, Massachusetts (the property) in 1968.  In 1999, the Andreys sought to divide one parcel, containing their primary residence, and sell the newly created parcel.[3]  To convey the new parcel, which had an existing structure, the Andreys needed to install a septic system.  They engaged N.G. Loring, Inc. (NGL) for the installation but immediately fell into a

---

[1] Nationstar Mortgage, LLC.

[2] Because Mary Anne and Gaston Andrey share a surname, we refer to them by their first names.

[3] Before dividing the parcel, Gaston conveyed his interest in it to Mary Anne so that she owned it individually.  Gaston subsequently died.

dispute that resulted in NGL's abandoning the installation project and later suing the Andreys.  This lawsuit resulted in a settlement agreement and agreement for judgment that included the issuance of an execution.  When the Andreys did not pay according to the agreement, NGL levied on the execution, and ultimately obtained title to the property at a sheriff's sale in 2012.  After the sheriff's sale, Mary Anne sought to undo the sale or reach a settlement with NGL but could not.  Mary Anne then filed a civil action in the Norfolk Superior Court challenging the sale.  A judge of the Superior Court granted summary judgment for NGL.

Meanwhile, in 2005, the Andreys had refinanced their mortgage on the property.  The new mortgage contained a scrivener's error.  It encumbered two unimproved smaller parcels but did not include the larger parcel on which the Andreys' house and other structures sit.  Nationstar Mortgage, LLC (Nationstar) is currently the mortgagee.

This appeal arises from a miscellaneous action that NGL originally filed in the Land Court seeking a declaration that it has the right to take possession of the property because of the sheriff's sale.  Mary Anne opposed the action on the grounds that the sheriff's sale was invalid and title should be returned to her.  In 2019, after NGL filed the action, NGL reached an agreement with Nationstar and conveyed its interest in the

property and the action to Nationstar. After a trial, a judge of the Land Court (trial judge) found that NGL, and thus Nationstar, had title to the property. The trial judge concluded that the decision in the Norfolk Superior Court case bars Mary Anne's defenses by claim and issue preclusion and, in any event, the sheriff's sale was valid. Because Nationstar had title to the property, the trial judge found that the claim to reform the mortgage was moot. Mary Anne appealed. We affirm.

Background. The parties are well acquainted with the facts and procedural history, as detailed in the trial judge's thorough decisions and the parties' stipulated facts. We describe here only those aspects of the record that are necessary to our ruling.

1. Procedural history. Briefly, NGL filed this action in the Land Court on December 6, 2017, naming Mary Anne as defendant.[4] On January 7, 2020, the trial judge allowed Nationstar to be substituted as plaintiff. After a trial, the

---

[4] A related subsequent action was originally filed as MERS as Nominee for America's Wholesale Lender, 12 SBQ 02069 02 – 001 (S-case). The original petition in the S-case was filed February 22, 2012. It named NGL as an interested party and sought to register a mortgage on the property. On June 29, 2016, Nationstar filed an amended S-petition, substituting itself as petitioner. Because we affirm the trial judge's ruling that Nationstar has title to the property, rendering the S-case moot, we do not address the original or amended S-petition further.

trial judge found that NGL, and thus Nationstar, held title to the property.

2. Facts. When NGL abandoned the septic system project, it left gravel at the job site. It then sued the Andreys, seeking to be made whole for it's partial performance of the contract. On September 26, 2007, the Andreys and NGL reached a settlement agreement which provided in relevant part that the parties would immediately execute an agreement for judgment of $17,803.58 without further interest and without costs, with execution to issue forthwith. The settlement agreement provided further that if, on or before March 26, 2008, the Andreys paid NGL $12,000 plus interest at the rate of 6% per annum from September 26, 2007, NGL would endorse the execution "Satisfied in Full" and deliver it to the Andreys. The same day, the Andreys and NGL executed the agreement for judgment, memorializing the settlement agreement.

On February 21, 2008, the Andreys having paid nothing toward the judgment, NGL obtained an execution (execution) from the Wrentham District Court against the Andreys for $18,077.50, representing judgment of $17,803.58, no court-calculated pre- or post-judgment interest, and costs of $273.92. The Andreys never paid NGL.

On May 2, 2008, a Norfolk County deputy sheriff levied and seized all of Mary Anne's right, title, and interest in the

4

property and registered the execution with the Land Court. The same day, the deputy sheriff attempted to serve the Andreys notice of the levies and the demand for payment. The execution stated erroneously that the Andreys resided at 357 Orchard Street. Copies of the demand and notice were left at that address and mailed to the Andreys there as well. In fact, the Andreys resided at 359 Orchard Street and did not receive the notice.

More than four years later, on July 24, 2012, a Norfolk County deputy sheriff prepared a written notice of sale indicating that a sale of the property was scheduled for September 20, 2012. On July 30, 2012, a copy of the notice of sale was hand delivered to the Andreys and signed for by Gaston.

On September 20, 2012, the sheriff held an auction of the property. Mary Anne's son, Roger, placed a bid of $30,874.91, which the sheriff accepted as the highest bid. But Roger then refused to tender payment. A deputy sheriff then offered the property to NGL, as the next highest bidder, and NGL tendered payment. On December 14, 2012, the Sheriff's office registered a deed with the registry, stating that the property was sold to the high bidder, NGL, for $30,784.91 (sheriff's deed).

Mary Anne filed a complaint in the Norfolk Superior Court on March 19, 2014 (Norfolk Superior Court action), seeking a declaratory judgment that the sheriff's sale and sheriff's deed

were null and void and ordering NGL to convey the property back to Mary Anne.  A judge of the Superior Court granted NGL's motion for summary judgment on June 10, 2016.[5]

On October 23, 2019, NGL and Nationstar executed a confidential settlement agreement and release (Nationstar settlement).  Under the Nationstar settlement, NGL conveyed its interest in the property to Nationstar by quitclaim deed dated October 23, 2019 (2019 deed).

Discussion.  On review of a judgment, we accept the trial judge's findings of fact unless clearly erroneous and review the rulings of law de novo.  See South Boston Elderly Residences, Inc. v. Moynahan, 91 Mass. App. Ct. 455, 462 (2017).  We review discretionary decisions for an abuse of discretion.  That occurs only if "the judge made a clear error of judgment in weighing the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives" (quotation and citation omitted).  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

The trial judge found that the judgment in the Norfolk Superior Court action barred Mary Anne's claims to title to the property pursuant to the doctrine of res judicata.  We agree.

---

[5] Mary Anne filed a notice of appeal from this judgment, but we dismissed the appeal for lack of prosecution.

6

Res judicata is a term that includes both claim preclusion and issue preclusion. See Santos v. U.S. Bank Nat'l Ass'n, 89 Mass. App. Ct. 687, 692 (2016). "[I]ssue preclusion 'prevents relitigation of an issue determined in an earlier action where the same issue arises in a later action, based on a different claim, between the same parties or their privies'" (citation omitted). Petrillo v. Zoning Bd. Of Appeals of Cohasset, 65 Mass. App. Ct. 453, 457 (2006). Before precluding the party from relitigating an issue, a court must determine that "(1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom preclusion is asserted was a party (or in privity with a party) to the prior adjudication; and (3) the issue in the prior adjudication was identical to the issue in the current adjudication" (citation omitted). Id. "Additionally, the issue decided in the prior adjudication must have been essential to the earlier judgment[, and i]ssue preclusion can be used only to prevent relitigation of issues actually litigated in the prior action" (citation omitted). Id. at 458. Applying those factors here, we conclude that the trial judge correctly ruled that Mary Anne was precluded from relitigating the validity of the sheriff's sale because that same issue was determined in the Norfolk Superior Court action.

7

First, the summary judgment decision in the Norfolk Superior Court action was a final judgment on the merits of Mary Anne's claim that the sheriff's sale was invalid because the sheriff sought an excessive payment to satisfy the execution and that title was not vested in NGL. The Superior Court judge found that Mary Anne (1) knew the amount the sheriff sought to avoid a sale of the property, (2) knew she could seek redemption of the property within one year after the sale to NGL, pursuant to G. L. c. 236, § 33, including her right to challenge the amount due on redemption at a hearing before a panel of three justices of the peace, G. L. c. 236, § 34, and (3) was aware of the right under G. L. c. 236, § 39, to bring a civil action for redemption, but had failed to do so. Accordingly, the Superior Court judge granted summary judgment for NGL, finding that the sheriff's sale was valid. Mary Anne did not appeal that decision. See note 5 supra.

Second, Mary Anne was a party to the prior action, as was NGL. Although NGL was dismissed as a party from this action in 2019, NGL conveyed its interest in the property to Nationstar by the 2019 deed. That conveyance and the settlement agreement between NGL and Nationstar assigned all of NGL's rights against the Andreys and its rights in the property to Nationstar.

Third, the issue here is identical to the issue in the Norfolk Superior Court action: whether the sheriff's sale was

8

valid.  Mary Anne asserted in the prior action that the sale was invalid because the debt she owed on the Judgment from the Wrentham District Court was $18,077.50 "without interest and costs" and the sheriff had demanded more than that to satisfy the execution.  Mary Anne raised the same claim in this case.

Finally, the validity of the sheriff's sale was essential to the resolution of both the Norfolk Superior Court action and the Land Court action.  Accordingly, the trial judge correctly concluded that relitigation of the issue in the Land Court was precluded by the decision and judgment in the Norfolk Superior Court action.[6]

Judgment affirmed.

By the Court (Singh,
  Hershfang & Wood, JJ.[7]),

Clerk

Entered:  March 19, 2026.

---

[6] Because issue preclusion applies here, we do not address the trial judge's alternative reliance on claim preclusion or his independent determination that the sheriff's sale was valid.

[7] The panelists are listed in order of seniority.